486 P.2d 43 (1971)
The STATE of Colorado By and Through the COLORADO CIVIL RIGHTS COMMISSION, Plaintiff in Error,
v.
ADOLPH COORS CORPORATION, a Colorado corporation, Defendant in Error.
No. 70-146.
Colorado Court of Appeals, Div. II.
February 16, 1971.
Rehearing Denied March 9, 1971.
Certiorari Denied June 28, 1971.
Duke W. Dunbar, Atty. Gen., John P. Moore, Deputy Atty. Gen., James E. Dotson, Asst. Atty. Gen., Denver, for plaintiff in error.
*44 Bradley, Campbell, Carney & Johnson, Leo N. Bradley, Denver, for defendant in error.
Selected for Official Publication.
DUFFORD, Judge.
The parties are before us in their trial court positions. We shall refer to the plaintiff as the "Commission" and to the defendant as "Coors."
The issue before us in this matter is not one of discrimination, but concerns only the subpoena power of the Commission. This matter had its inception in the filing of a complaint with the Colorado Civil Rights Commission. The complaint was subsequently restated or amended in three subsequent complaints. We are concerned here only with the last of the four complaints or amended complaints, and we shall speak of it as the amended complaint.
The amended complaint, which was directed against Coors, was signed and filed by Commissioner Morrison, a member of the Colorado Civil Rights Commission. The amended complaint first charged that Coors had, "since the passage of the Colorado Anti-Discrimination Act of 1957" engaged in discriminatory and unfair employment practices as defined in C.R.S.1963, 80-21-6(1) and (2), which section contains a general definition of such practices. It further charged that the employment and promotion of minority people by Coors was below the percentage which such people constituted within the labor market in which Coors operated. It concluded with a blanket assertion that the failure of Coors to afford equal opportunity to minority persons otherwise qualified for employment was because of their race, creed, color, national origin or ancestry.
Following the filing of the amended complaint with the Commission, the Commission at a regular meeting accepted the report of its investigating official to the effect that the complaint could not be resolved by conference, and the Commission thereupon determined that the circumstances warranted a public hearing on the complaint. After referring the complaint to hearing, notice of the same was given to Coors. Subsequently the Commission issued a subpoena duces tecum to Coors ordering it to produce or to make available for examination certain documents.
Coors refused to comply with the subpoena, and thereafter the Commission filed a petition with the District Court asking it to issue the subpoena. Coors filed a motion to dismiss that petition on the grounds that it failed to state a claim for relief, and this motion was granted by the trial court with leave to the Commission to amend. Subsequently the Commission filed an amended petition supported by the amended complaint, which petition Coors also moved to dismiss for the failure to state a claim for relief upon which relief could be granted, and this motion was also granted by the trial court. It is from the ruling of the trial court on this last motion that this appeal has been brought.
The basis upon which the trial court dismissed the Commission's petition and denied issuance of the subpoena was that the amended complaint did not meet the requirements of the statute governing the filing of complaints with the Commission.

I.
Under the provisions of the Colorado Antidiscrimination Act of 1957, the Civil Rights Commission is given, with other powers and duties, the power and duty to investigate and study the existence and extent of discrimination in employment and to formulate plans for its elimination. C.R.S. 1963, 80-21-5(5). Significantly the Act does not grant to the Commission any power to subpoena witnesses or documents in connection with this power to make generalized studies and investigations of discrimination in employment.
The power of subpoena which the Act confers upon the Commission is instead limited to those situations in which the Commission, or its delegated hearing representative, is in fact holding a hearing upon a specific complaint made against a specific entity or person. It is further *45 limited by the mandate that the subpoena must have relevancy to matters involved in such a complaint. C.R.S.1963, 80-21-5 (6) (a).
By the terms of the Act, hearings upon complaints are to be held under the following circumstances:
(a) "Any person claiming to be aggrieved by a discriminatory or unfair employment practice may" file a written complaint with the Commission setting forth the name of that party alleged to have committed the discriminatory or unfair employment practice and setting forth "the particulars thereof." C.R.S.1963, 80-21-7(1). The commission, a commissioner or the attorney general is also given the right to make such a complaint, but "in like manner." C.R.S.1963, 80-21-7(1).
(b) After a complaint is filed, the Commission, through its representative, is required to investigate the complaint; and if it is determined "that probable cause exists for crediting the allegations of the complaint," the Commission is to eliminate the discriminatory or unfair practice by conference or persuasion if possible. C.R.S. 1963, 80-21-7(3).
(c) If the practice complained of in the complaint cannot be settled by conference or persuasion, then the Commission, by serving a written notice and a copy of the complaint, may compel the respondent party to "answer the charges of the complaint," first in writing and then, if necessary, at a hearing held on the complaint. C.R.S.1963, 80-21-7(5) and (6).

II.
These provisions of the Act compel us to conclude that the power of subpoena exists in the Commission only in those instances where a specific discriminatory or unfair employment practice may have occurred in fact and not in theory. Further, such wrongful practice must then be complained of in writing and complained of with enough particularity to satisfy the following needs:
First, it must provide the Commission with enough information as to the alleged unfair practice that the Commission may intelligently investigate and evaluate the unfair practice complaint in order to determine whether a creditable violation of the Act may have occurred.
Second, it must afford to the party alleged to have committed the unfair practice enough notice and knowledge of the unfair practice with which it is charged to permit that party to make written answer to the charges and to refute or defend against the charges at the time it answers or at the time of a hearing on the complaint.

III.
In the instant case we rule that the trial court properly concluded that the amended complaint did not meet statutory requirements, and we affirm its judgment that the Commission did not have any power under the Act to compel compliance with the subpoena involved here.
Viewed in its most favorable light, the amended complaint sets forth only the following: (a) A conclusion of law that the Commission has jurisdiction over the subject matter of the complaint and over the respondent party, Coors; (b) a conclusion of law that following the passage of the Colorado Antidiscrimination Act of 1957, Coors has engaged in discriminatory and unfair employment practices as those terms are generally defined in C.R.S.1963, 80-21-6(1) and (2); (c) a general contention that Coors has not hired nor promoted employees of minority races on a quota basis which would be proportionate to their percentage position within the over-all labor market; and (d) a final conclusion of law that, in violation of the Act, Coors has failed to afford equal opportunity to minority persons by reason of their race, creed, color, national origin or ancestry.
Even in its entirety, the complaint cannot represent more than an assertion that, in theory, the respondent, Coors, may have *46 violated the provisions of the Colorado Antidiscrimination Act of 1957. There is nothing within the amended complaint which points to any particular action or omission to act on the part of Coors which would represent a discriminatory or unfair practice under the Act. As stated, the Act requires complaint allegations which are indicative that a particular violation or violations of the Act has or have in fact occurred. Generalities and indefinite, uncertain charges of the type found in the amended claim cannot form the basis for any legal proceedings. People ex rel. Dunbar v. District Court, 129 Colo. 203, 268 P.2d 1098. It is noteworthy that Rule 2C of Rules of Practice and Procedure promulgated by the Commission requires that complaints filed with the Commission pursuant to provisions of the Act shall contain, among other things, "A short and plain statement of the facts, including particulars which give rise to the alleged violation and which sets forth the alleged * * * discriminatory or unfair employment practice. * * *" Certainly such elements are not present in the amended complaint.

IV.
Where the Commission is proceeding merely with a generalized investigation and, therefore, has no power to subpoena, we hold that the subpoena cannot be enforced by judicial action. Under the provisions of C.R.S.1963, 80-21-5(6) (a), a district court may issue a subpoena on the petition of the Commission only in "a proper case." A situation in which the Commission lacks the power to issue a subpoena would not present a proper case for its issuance by the district court. There is nothing within the Act, nor inherent in the law, by which a district court, or any court, can enlarge the grant of power given to an administrative body by the legislative body. Actions which exceed their scope of delegated power are void. Flavell v. Dept. of Welfare, 144 Colo. 203, 355 P.2d 941.
We agree with the argument of the Commission that the Colorado Antidiscrimination Act of 1957 was enacted for a beneficent purpose and should be liberally construed in favor of the legal remedies which it provides. However, under such rule of constructon, we are not permitted to confer a power upon the Commission which under its legislative enactment it was denied. In this connection we find it significant that Senate Bill 126 of the Forty-first General Assembly, First Regular Session 1957, which became in its amended form the Colorado Antidiscrimination Act of 1957, specifically provided that the refusal to obey any subpoena issued by the Civil Rights Commission would constitute contempt punishable through the district court. Such provision was thereafter deleted by amendment, and the Act then assumed its present form, providing that, in a proper case, if a subpoena of the Commission is not obeyed the Commission may then petition the district court for its issuance.
The decision of our Supreme Court in People ex rel. Orcutt v. District Court, 164 Colo. 385, 435 P.2d 374, is not authority for the proposition that an administrative agency's power of subpoena can be enlarged beyond its statutory grant through judicial action. Such case dealt only with matters of procedure relating to the issuance of a subpoena sought in connection with a valid exercise of administrative power. In the instant case the trial court properly concluded that it could not issue a subpoena in an instance where the Commission had no statutory authority to issue or to seek a subpoena. The judgment is affirmed.
SILVERSTEIN, C. J., and PIERCE, J., concur.