466 F.2d 541
 4 Fair Empl.Prac.Cas. 1139, 4 Empl. Prac.
Dec. P 7933
MOUNTAIN STATES TELEPHONE AND TELEGRAPH COMPANY, a Colorado
Corporation, Petitioner-Appellee,
v.
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, etc., Respondent-Appellant.
 No. 71-1434.
 United States Court of Appeals,
Tenth Circuit.
 Aug. 8, 1972.
Rehearing Denied Sept. 6, 1972.
 
 George H. Darden, Washington, D.C. (John de J. Pemberton, Jr., Deputy General Counsel, and Julia P. Cooper, Chief, Appellate Section, Washington, D.C., on the brief), for respondent-appellant.
 Carl F. Eiberger, Denver, Colo. (James T. Paulantis, Albuquerque, N. M., and David R. Hansen, Denver, Colo., on the brief), for petitioner-appellee.
 Before CLARK,* Associate Justice, HILL and DOYLE, United States Circuit Judges.
 PER CURIAM.
 
 
 1
 This is a direct appeal from a judgment entered by the United States District Court for the District of New Mexico on April 16, 1971, granting the petition of Mountain States Telephone and Telegraph Company (Company) to quash the demand of the Equal Employment Opportunity Commission (EEOC) for access to evidence and compliance to give testimony under oath.
 
 
 2
 On March 26, 1969, Commissioner Vicente Ximenes of EEOC issued a charge of discrimination against the Company, pursuant to 42 U.S.C. Sec. 2000e-5(a),[1] alleging, in pertinent part, that:
 
 
 3
 The Respondent [the Company] discriminatorily fails or refuses to hire Negroes, Spanish Surnamed [sic] and American Indians because of their race and national origin.
 
 
 4
 The Respondent limits Negroes, Spanish Surnamed Americans and American Indians to lower paying classifications.
 
 
 5
 The Respondent resorts to pre-employment judgments which are discriminatory to these minority applicants.
 
 
 6
 During the investigation of this charge by the EEOC, the Company refused voluntarily to furnish certain documentary evidence on the ground that the Commissioner's charge was factually insufficient to warrant an investigation. On August 25, 1969, EEOC formally served a demand for access to evidence and compliance to give testimony under oath, pursuant to 42 U.S.C. Sec. 2000e-9 (a). On September 12, 1969, the Company filed a petition in the trial court for an order quashing the demand. The EEOC filed a cross-petition for an order of enforcement. The trial court granted the Company's petition to quash, for the reason that the Commissioner's charge was insufficient in that it did not set forth the facts upon which it was based. The issue before this Court is thus whether the Commissioner's charge herein satisfies the requirement of 42 U.S.C. Sec. 2000e-5(a) that such charge set forth the facts upon which it is based.
 
 
 7
 This Court has recently dealt with a closely analogous question in Sparton Southwest, Inc. v. EEOC, 461 F.2d 1055 (10th Cir. 1972). The issue therein was whether a charge such as that in the instant case was alone sufficient to activate discovery or whether supporting evidence must be particularly laid out. This Court found the charge in Sparton to be sufficient, and held that the trial court erred in dismissing the EEOC's petition for enforcement.
 
 
 8
 Based on the rationale of Sparton and the authorities cited therein, we hold that the charge in the instant case satisfies the requirement of 42 U.S.C. Sec. 2000e-5(a) that such charge set forth the facts upon which it is based. Accordingly, the order appealed from is set aside; the cause is remanded with instructions to the district court to enforce the demand for access to evidence and compliance to give testimony under oath, and for other further proceedings consistent herewith.
 
 
 
 *
 Associate Justice, United States Supreme Court, Retired, sitting by designation
 
 
 [1]
 42 U.S.C. Sec. 2000e-5(a) Whenever it is charged in writing under oath by a person claiming to be aggrieved, or a written charge has been filed by a member of the Commission where he has reasonable cause to believe a violation of this subchapter has occurred (and such charge sets forth the facts upon which it is based) that an employer, employment agency, or labor organization has engaged in an unlawful employment practice, the Commission shall furnish such employer, employment agency, or labor organization (hereinafter referred to as the "respondent") with a copy of such charge and shall make an investigation of such charge, provided that such charge shall not be made public by the Commission