**RED SEAL POTATO CHIP COMPANY, Plaintiff–Appellant,**

v.

**COLORADO CIVIL RIGHTS COMMISSION, Defendant–Appellee.**

No. 79CA0529.

Colorado Court of Appeals, Div. I.

June 12, 1980.

Rehearing Denied July 10, 1980.

Certiorari Denied Oct. 6, 1980.

Bradley, Campbell & Carney, P.C., Earl K. Madsen, Golden, for plaintiff–appellant.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Abby L. Pozefsky, Asst. Atty. Gen., Denver, for defendant–appellee.

SMITH, Judge.

Plaintiff, Red Seal Potato Chip Company (Red Seal), appeals the district court judgment dismissing its petition for review of a decision by the Colorado Civil Rights Commission which held that the exclusion of pregnancy benefits constitutes an unfair and discriminatory employment practice. We reverse.

In 1975, Mrs. Rose Lowenstein filed a sex discrimination complaint with the Colorado Civil Rights Commission, naming Red Seal and the Bakery and Confectionary Workers' Local No. 72 (the Union), as parties who had committed a discriminatory act. The complaint alleged that she had been denied disability pay on a discriminatory basis for the time she was unable to work as a result of her pregnancy.

The hearing officer dismissed the complaint, but the Commission reinstated it and entered an order requiring Red Seal and the Union:

(1) To cease and desist their acts of discrimination against females in providing disability benefits by sharing the cost of providing disability payments to any woman employed by Red Seal who would otherwise receive disability payments except for the exclusion of pregnancy related disabilities, such sharing to continue until such time as a disability benefit plan is adopted by Red Seal and the Un-

ion which does not treat women unequal-ly,

(2) To file written reports with the Commission stating the efforts which have been made to avoid discrimination against females in providing disability benefits and listing the names and addresses of all women filing for pregnancy benefits, and the disposition of all claims,

(3) To notify female employees in writing of their entitlement to disability benefits for pregnancy and pregnancy related disabilities,

(4) To cease and desist from any and all activities reasonably calculated to discourage or prevent female employees from seeking and obtaining disability benefits for pregnancy and pregnancy related disabilities,

(5) To pay complainant $356.

On December 28, 1979, Red Seal and the Union petitioned the district court for review, and for an order to set aside the final order of the Commission. Although Red Seal and the Union served, by mail, the Assistant Attorney General who prosecuted the matter under the complaint filed by Mrs. Lowenstein, no service was attempted upon her, and she was not named as a party to the action.

The Commission moved to dismiss the petition. It argued that since Mrs. Lowenstein had not been named as a party within thirty days after entry of the final order by the Commission, and because she had not been served with notice of the petition for judicial review, the court had no jurisdiction over her, and thus, she being an indispensable party, the matter had to be dismissed. The district court granted the motion, and Red Seal appeals.

Red Seal asserts that, in determining whether the action for review was proper, the district court erred in supplementing the Colorado Antidiscrimination Act of 1957, § 24–34–301 et seq., C.R.S. 1973,[1] by reference to the Administrative Procedure Act, § 24–4–101 et seq., C.R.S. 1973, and C.R.C.P. 19.

Section 24–34–308, C.R.S. 1973, provides in pertinent part:

"(1) Any complainant or respondent claiming to be aggrieved by a final order of the Commission, including the refusal to issue an order, may obtain judicial review thereof, and the Commission may obtain an order of court for its enforcement in a proceeding as provided in this section.

.    .    .    .    .

(3) Such proceeding shall be initiated by the filing of a petition in such court and the service of a copy thereof upon the Commission and upon all parties who appeared before the Commission.

.    .    .    .    .

(12) If no proceeding to obtain judicial review is instituted by complainant or respondent within thirty days from the service of an order of the Commission pursuant to § 24–34–307, the Commission may obtain a decree of the court for the enforcement of such order . . . ."

Concluding that Mrs. Lowenstein has a property interest in the award made to her by the Commission, an interest which was the subject of the matter before the district court, the court reasoned that, should the Commission's order be overturned, Mrs. Lowenstein would be directly affected by the loss of her award. Accordingly, the court concluded that Mrs. Lowenstein was an indispensable party to the action for judicial review under C.R.C.P. 19.

The district court further interpreted the word "parties" in § 24–34–308(3), C.R.S. 1973, to be consistent with the Administrative Procedure Act, § 24–4–106(4) which states: "Any party adversely affected or aggrieved by any agency action may commence an action for judicial review in the district court . . . ." Therefore, it concluded that, because, absent a direct conflict between the two, the Administrative Proce-

---

1. Effective July 1, 1979, the Act was repealed and reenacted. References in this opinion are to the old Act unless otherwise indicated.

dure Act should be used to complement the Colorado Antidiscrimination Act of 1957, and that Mrs. Lowenstein was therefore an indispensable party to the appeal. *See* § 24–4–107, C.R.S. 1973.

We note at the outset that the primary issue before the Commission and on appeal of its decision, is whether the employer had committed or was committing any unfair and discriminatory labor practice. On appeal of a decision made by the commission, an additional issue is present. Is the Commission's order, delineating the mechanism by which it attempted to prohibit such acts, proper? The petition for review is not predicated on the merits of an individual claim for disability pay, but rather on the validity or legality of the Commission's order directing the employer to recompense all employees who had suffered from the discriminatory practice. It is only incidental that the amount of Mrs. Lowenstein's entitlement under the order was determined. It is from this position that we must construe the provisions of the Act.

We conclude that, contrary to the determination by the district court, the definition of the word "parties" which appears in § 24–34–308(3), C.R.S. 1973, can be ascertained from the general provisions of the Act itself, and that there is no need to define that word by reference to the Administrative Procedure Act, and C.R.C.P. 19.

Under the Antidiscrimination Act, the Civil Rights Commission has the power and the duty, if it finds probable cause to believe that a discriminatory labor practice exists, to hold hearings upon any complaint made against an employer. Section 24–34–305(1)(e)(I), C.R.S. 1973. Section 24–34–307, C.R.S. 1973, establishes the procedure for presenting a complaint covering a discriminatory practice to the Commission. Under that section, the Commission, and not the claimant, initiates and prosecutes the case. No proceeding commences until the Commission, having found probable cause, elects to proceed against the employer by issuing and serving a written notice requiring such employer to appear and answer. Section 24–34–307(6), C.R.S. 1973. The complainant does not become a "party" to the matter unless he seeks to intervene and is granted that right under § 24–34–307(8), C.R.S. 1973. The remedies which § 24–34–307(12), C.R.S. 1973, permits the Commission to impose,[2] although not exclusive, are directed specifically toward the eradication of discriminatory practices, and only incidental to that purpose is there any authorization for an individual remedy. Finally, it is the Commission, and not a claimant, who may obtain an order of enforcement through the courts. Section 24–34–308(1) and (12), C.R.S. 1973.

▇▇▇ Because of the foregoing scheme of the Antidiscrimination Act, we conclude that the Act was intended to provide a mechanism by which Colorado could eradicate the underlying causes of discrimination and halt discriminatory practices, and that the Act was not intended to provide relief to individual claimants. Thus, we further conclude that a claimant who has not intervened in the matter is not a party, and that service of a petition for judicial review is not required upon that individual under § 24–34–308(3), C.R.S. 1973.

▇▇▇ Although as part of the remedial orders in a Commission proceeding, a respondent may be directed to rehire or compensate a claimant, that fact does not vest the claimant with any rights which claimant can enforce by judicial decree. Any benefits which may inure to claimant as a

---

**2.** Section 24 34 307(12), C.R.S. 1973, provides that the Commission may issue an order requiring the employer and Union to cease and desist from discriminatory or unfair employment practices and to take affirmative actions including (but not limited to) "hiring, reinstatement, or upgrading of employees, with or without back pay, the referring of applicants for employment by any respondent employment agency, the restoration to membership by any respondent labor organization, the admission to or continuation in enrollment in an apprenticeship program, on· the–job training program, or a vocational school, the posting of notices, and the making of reports as to the manner of compliance, as in the judgment of the Commission will effectuate the purposes of this part 3."

result of the commission's action can only be enforced by the Commission. Thus, the trial court erred in ruling that claimant's rights could be adversely affected on appeal. While it is true that what the commission ordered respondents to pay to claimant may be modified or eliminated, this does not make claimant an indispensable party to the prosecution of the action for review brought by respondent. *See* § 24–34–306, C.R.S. 1973 and § 24–34–307(12), C.R.S. 1973. *See also* C.R.C.P. 19(a) and *Board of Cty. Com'rs v. District Court*, Colo., 607 P.2d 999 (1980).

■ Furthermore, although we acknowledge the fact that in many cases the only way to insure the elimination of discriminatory practices is to provide benefits to individuals, this fact does not persuade us that § 24–34–308(3) mandates that individuals *who have not intervened* shall be deemed to have attained the status of a party by virtue of C.R.C.P. 19, as applicable via the Administrative Procedure Act. Administrative enforcement of legislated public policy can yield incidental benefits to an individual yet fall short of creating a private right. *See NLRB v. West Kentucky Coal Co.*, 116 F.2d 816 (6th Cir. 1940); *De Malherbe v. International Union of Elevator Constructors*, 438 F.Supp. 1121 (N.D.Cal. 1977).

■ Finally, we are not persuaded because § 24–34–308(1) and (12) C.R.S. 1973, confer a right to *seek* judicial review upon a complainant that in every proceeding for judicial review the complainant is an indispensable party, one without whose presence a complete determination of the appeal cannot be had. *See* C.R.C.P. 19(a).

The judgment is reversed and the cause is remanded to the district court with directions to reinstate the appeal.

KELLY, J., concurs.

COYTE, J., dissents.

COYTE, Judge, dissenting:

I would affirm the judgment of the district court. Mrs. Lowenstein filed a complaint before the Civil Rights Commission. Thus, she is a "party who appeared," § 24–34–308(9), C.R.S. 1973. And, consequently, she was an indispensable party to the hearing and is an indispensable party on appeal. C.R.C.P. 19.

Under the Act, a complainant initiates the process by filing a verified complaint with the Commission within six months of the alleged discriminatory employment practice. The Commission's agent may also file such a complaint; however, § 24–34–307, C.R.S. 1973 "authorizes a commission complaint *only* in those instances where a specific person or persons have been aggrieved by the alleged discriminatory practices charged." (emphasis added). *Sisneros v. Woodward Governor Co.*, 192 Colo. 454, 560 P.2d 97 (1977).

The complainant or the commission may amend the complaint. If a hearing is held, the case in support of the complaint is presented by the Commission's agent; however, the complainant may intervene and present testimony.

Within thirty days of the Commission's final order, the complainant may obtain judicial review of the final order of the Commission in the district court, and whenever judicial review is sought, § 24–34–308(3), C.R.S. 1973, provides:

"Such proceeding shall be initiated by the filing of a petition in such court and the service of a copy thereof upon the commission and upon all parties who appeared before the commission."

Therefore, under the Act, the complainant has substantial, not incidental, rights, and the Act requires that the complainant be an active participant in the entire process, including appellate review. Here, the employer is appealing the order which provided a monetary award to the complainant; she is an indispensable party to this action seeking judicial review.

The majority opinion equates "parties who appeared" with complainants who "intervene." *See* § 24–34–308(3), C.R.S. 1973. However, "parties who appeared" refers to those persons who were involved as litigants and not in default. *See* § 24–34–

307(9), C.R.S. 1973. Where the complainant either originally files the complaint or the complainant's allegations constitute the basis of the Commission's complaint; *see Sisneros v. Woodward Governor Co. supra,* the complainant necessarily is a "party who appeared." Additionally, the reference to "intervention" in § 24–34–308(8), C.R.S. 1973, is not to a complainant's intervention in the suit, rather it is to intervention in the presentation of evidence at the hearing.

The majority opinion also finds significance in the provision that only the Commission may seek enforcement of its order. *See* § 24–34–308(12), C.R.S. 1973. However, the fact that the complainant has no standing to seek a contempt citation against noncomplying respondents does not affect the complainant's status as a party to an action, such as this, to determine the propriety of the order, and does not relegate the private relief granted to being merely "incidental." Merely because the complainant must rely upon the Commission to seek enforcement of her rights when the Commission's decision is no longer subject to judicial review does not mean that she is not an indispensable party in the judicial process which determines those rights.

The General Assembly has specifically recognized the distinction between these two kinds of judicial proceedings. Now, under § 24–34–307(2), C.R.S. 1973 (1979 Cum.Supp.), judicial review is brought in the court of appeals; however, under § 24–34–307(12), C.R.S. 1973 (1979 Cum. Supp.), an action for enforcement must still be brought in the district court.

Finally, to hold that a complainant is not a party leads to an unjust and unreasonable result. Although the majority attempts to cover the issue with a veneer of technical reasoning and legalistic statutory construction, there remains the central fact that Mrs. Lowenstein was duly granted a monetary award by the Commission. Consequently, basic principles of fairness and due process mandate that if that award is challenged, in any form, Mrs. Lowenstein must be a party.