Ann AGNELLO, Petitioner,

v.

ADOLPH COORS COMPANY, a Colorado corporation; and Colorado Civil Rights Division, Respondents.

No. 82CA0576.

Colorado Court of Appeals, Division I.

Sept. 20, 1984.

Gerash & Robinson, P.C., Christopher A. Miranda, Denver, Overturf & Prugh, Wallace D. Prugh, Fort Collins, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Patricia Blizzard, Asst. Atty. Gen., Denver, for respondent Colorado Civil Rights Com'n.

Bradley, Campbell & Carney, Earl K. Madsen, Golden, for respondent Adolph Coors Co.

SMITH, Judge.

Petitioner, Ann Agnello, seeks review of a Civil Rights Commission (Commission) ruling adopting and approving a settlement agreement between the Civil Rights Division (Division) and the Adolph Coors Company (Coors) which resolved her complaint against Coors in which she alleged she was a victim of discrimination against the handicapped. We affirm.

In April 1981, petitioner applied for a jump shift position as a lab technician II at Coors. Admittedly, she was qualified to perform the work. This specific position, however, required two to three different rotating shifts per week, including day and night shifts with at least one twelve hour shift per week. In addition to the irregular hours, it was impossible for the lab technician on this "jump" shift to eat meals at regular intervals. Moreover, there were times when, and places where, the employee would be working out of the presence of any other employees for extended periods of time.

At the time petitioner applied for the position she was required to fill out a medical questionnaire for evaluation by a company physician. The questionnaire disclosed that Agnello had diabetes and was insulin dependent. The company physician determined, based on his knowledge of the nature of the specific job and the information contained in her medical questionnaire, that if she were to be employed by Coors as a lab technician, she should be restricted to a straight day shift position which would not include the irregularities and solitude of the jump shift. Since a straight day shift was not available at that time, petitioner was not hired. Petitioner admittedly

refused to consider accepting any alternative position.

On May 20, 1981, petitioner filed a complaint with the Commission charging that Coors had violated § 24–34–402, et seq., C.R.S. (1982 Repl.Vol. 10) by refusing to hire her because of her physical handicap.

Pursuant to § 24–34–306, C.R.S. (1982 Repl.Vol. 10), the director of the Division made a finding of probable cause of discrimination and so notified Coors. Conciliation was commenced. The conciliation process resulted in an agreement between Coors and the Division wherein it was agreed that any determination as to petitioner's capabilities for the position should be based on an independent physician's investigation and opinion.

Although petitioner may not have agreed to be bound by this determination, she did agree to cooperate and participate in the investigation. A physician with expertise in treating diabetics was agreed upon. He reviewed petitioner's prior medical records, the job requirements, toured the job site itself, and examined petitioner. His recommendation was that she not be hired for the position as "it would pose considerable risk to her health and diabetic control." He concluded that this would be the case as "to any diabetic requiring insulin."

Despite the mutual agreement of the Division and Coors to abide by the independent physician's determination, petitioner objected to the physician's conclusions and the conciliator thereupon referred the case back to the director. The conciliation agreement was subsequently submitted by Coors and accepted by the director on behalf of the Division. The director found that Coors' actions and the agreement reflected Coors' compliance in two respects. First, Coors gave individual consideration to petitioner as required by *Silverstein v. Sisters of Charity of Leavenworth Health Services Corp.*, 43 Colo.App. 446, 614 P.2d 891 (1979), and second, Coors explicitly agreed to abide by Commission guidelines prohibiting discrimination on account of a physical handicap.

Petitioner appealed the Division's determination to the Commission which approved and confirmed the agreement. Petitioner now seeks review of the commission's affirmation of the Division's ruling. The issue presented is whether the agreement approved by the Division and Commission ignored the protections for the handicapped mandated in § 24–34–402(1)(a), C.R.S. (1982 Repl.Vol. 10).

## I.

■ Section 24–34–306, C.R.S. (1982 Repl.Vol. 10) sets forth the procedures for addressing claims of discriminatory or unfair practices. It states in pertinent part:

"(2) After the filing of a charge, the director, with the assistance of the staff, shall make a prompt investigation thereof. The director shall determine as promptly as possible whether probable cause exists for crediting the allegations of the charge. If the director determines that probable cause does not exist, he shall dismiss the charge and shall notify the person filing the charge and the respondent of such dismissal. If the director determines that probable cause exists, the respondent shall be served with written notice which states with specificity the legal authority and jurisdiction of the commission and the matters of fact and law asserted. Immediately after such notice has been given, the director shall endeavor to eliminate such discriminatory or unfair practice by conference, conciliation, and persuasion.

. . . .

(4) When the director is satisfied that further efforts to settle the matter by conference, conciliation, and persuasion will be futile, he shall so report to the commission. . . ."

■ The statute requires that once a finding of probable cause has been made by the director, she shall endeavor to eliminate the discriminatory or unfair practice. It is implicit, therefore, that once the director has determined that the unfair or discriminatory practice either does not in

fact exist, or has been eliminated, she has satisfied her obligations under the statute. Here, as prescribed by statute, the director sent notice to Coors of her findings of probable cause and immediately initiated conciliation proceedings in an effort to eliminate the discrimination allegedly exhibited against petitioner by Coors. Although the conciliation efforts may not have satisfied petitioner, the director was ultimately satisfied when she received and accepted the agreement. Upon Coors agreement to abide by the rules and regulations of the Commission and to abide by the conclusions of the independent physician as to petitioner, the director had satisfied her duties under the statute to eliminate the allegedly discriminatory practice exhibited by Coors. It was, therefore, merely left to the Commission to review the director's determination and to advise petitioner of its ultimate conclusion.

■ There is a presumption that an administrative body acts fairly, with proper motives and upon valid reasons, in carrying out its statutory responsibilities, *Public Utilities Commission v. District Court*, 163 Colo. 462, 431 P.2d 773 (1967), and due consideration must be accorded this presumption. *Colorado Civil Rights Commission v. State*, 30 Colo.App. 10, 488 P.2d 83 (1971). Here, the Commission did not act arbitrarily or with improper motive when it approved and affirmed the decision of the Division. It was merely carrying out its statutory mandate to eliminate or correct discriminatory practices, if, in fact, it found them to exist.

■ In any case, petitioner was, in effect, only an incidental beneficiary of any determination ultimately rendered by the Division and the Commission. *See Red Seal Potato Chip v. Colorado Civil Rights Commission*, 44 Colo.App. 381, 618 P.2d 697 (1980). The statutory scheme provides the division and commission the mechanism by which discriminatory practices may be eliminated. *Umberfield v. School District No. 11*, 185 Colo. 165, 522 P.2d 730 (1974). Its primary purpose is not, however, as petitioner implies, to provide relief for the individual claimants. *Red Seal Potato Chip v. Colorado Civil Rights Division, supra.* The individual relief that may inure to an individual claimant is only incidental to the commission's accomplishment of its primary purpose, i.e., eliminating discriminatory practices.

## II.

Petitioner contends, however, that the commission's reaffirmation of the Division's agreement with Coors ignored the protections for the handicapped mandated in § 24–34–402(1)(a), C.R.S. (1982 Repl.Vol. 10). We disagree.

Under, § 24–34–402(1)(a), it is a discriminatory act:

"For an employer to refuse to hire ... any person otherwise qualified because of handicap, ... but, with regard to a handicap, it is not a discriminatory or unfair employment practice for an employer to act as provided in this paragraph (a) if there is no reasonable accommodation that the employer can make with regard to the handicap, the handicap actually disqualifies the person from the job, and the handicap has a significant impact on the job ...."

■ This section merely defines what is a discriminatory or unfair practice. Here, the Division initially agreed with petitioner that there was probable cause to believe that Coors had exhibited an unfair or discriminatory employment practice in refusing to hire her for the position. However, as we have previously stated, the function of the commission is to determine whether a discriminatory practice has occurred, *Red Seal Potato Chip v. Colorado Civil Rights Commission, supra; Umberfield v. School District No. 11, supra,* and, if so, to take such action as will assure that such practice is satisfactorily eliminated and prevented in the future.

■ While, as part of the process of eliminating a discriminatory practice, the commission may grant specific relief to an individual claimant, it is not required to do so. Here the commission did not find the

granting of such relief appropriate. We will not substitute our judgment on this issue for that of the commission.

The order of the Commission is affirmed.

ENOCH, C.J., and VAN CISE, J., concur.