Ann AGNELLO, Plaintiff-Appellant,

v.

ADOLPH COORS COMPANY, a Colorado corporation, Defendant-Appellee.

No. 83CA0066.

Colorado Court of Appeals, Div. II.

Dec. 27, 1984.

Gerash & Robinson, P.C., Christopher A. Miranda, Denver, Overturf & Prugh, Wallace D. Prugh, Fort Collins, for plaintiff-appellant.

Bradley, Campbell & Carney, P.C., Earl K. Madsen, Golden, for defendant-appellee.

BERMAN, Judge.

Plaintiff, Ann Agnello, appeals from the trial court's dismissal of her complaint against the Adolph Coors Company (Coors). We affirm.

Coors refused to hire plaintiff for a jump shift position as a lab technician because of her diabetic condition. The pertinent facts are set forth in *Agnello v. Adolph Coors Co.*, 689 P.2d 1162 (Colo.App.1984). That case involved plaintiff's appeal from proceedings before the Colorado Civil Rights Commission (Commission) wherein she alleged that she was the victim of discrimination against the handicapped.

Following issuance of the Commission's order and the filing of a notice of appeal in that case, plaintiff filed a complaint in district court seeking general and special damages from Coors. Her complaint stated two claims for relief: (1) that Coors failed to give her individualized consideration as required by § 24–34–402, C.R.S. (1982 Repl. Vol. 10), and refused to hire her solely because of her diabetic condition, and (2) that the foregoing actions constituted outrageous conduct and intentional or reckless infliction of emotional distress. The trial court granted Coors' motion to dismiss finding: (1) that under the provisions of § 24–34–402, et seq., primary jurisdiction over this matter rested with the Commission and plaintiff was limited to the procedures set forth in the Colorado Antidiscrimination Act; (2) that under § 24–34–402 there is no private individual remedy which can be brought by independent action; (3) that administrative procedures had not been followed through to their appellate conclusions; (4) that collateral estoppel applied as a matter of law; and (5) that because plaintiff's first and second claims for relief arose out of the same factual situation, both claims should be dismissed for the foregoing reasons.

On appeal, plaintiff contends that the trial court erred in determining that her relief was limited to the procedures and provisions set forth in § 24–34–402, et seq., C.R.S. (1982 Repl.Vol. 10). She first argues that the statutory provisions do not preclude her from seeking remedies which are beyond the scope of § 24–34–405, C.R.S. (1982 Repl.Vol. 10), in any action which is not before the Commission. We disagree.

Plaintiff's first claim for relief was directly based on Coors' alleged violation of § 24–34–402 and sought damages for that alleged violation. Where a com-

plaint has been filed with the Commission and conciliation efforts have been undertaken pursuant to § 24–34–306(2), C.R.S. (1982 Repl.Vol. 10), the district court may acquire jurisdiction over a civil action involving an alleged violation of the Colorado Antidiscrimination Act, see § 24–34–301, et seq., C.R.S. (1982 Repl.Vol. 10), but such jurisdiction is contingent on the director of the Civil Rights Division reporting to the Commission that further efforts to settle the matter by conciliation will be futile, see § 24–34–306(4), C.R.S. (1982 Repl.Vol. 10), and on fulfillment of the conditions of § 24–34–306(11), C.R.S. (1982 Repl.Vol. 10). *Continental Title Co. v. District Court,* 645 P.2d 1310 (Colo.1982). However, the remedies available to the district court are limited to those prescribed by § 24–34–405, C.R.S. (1982 Repl.Vol. 10), *i.e.,* reinstatement with back pay. *Continental Title Co. v. District Court, supra.* That section was not intended to create a legal claim for damages. *Continental Title Co. v. District Court, supra.*

■ Here, because conciliation efforts were successful, the district court could not acquire jurisdiction under § 24–34–306(11), C.R.S. (1982 Repl.Vol. 10). Moreover, plaintiff was seeking relief beyond the scope of that prescribed for a violation of the Antidiscrimination Act. Indeed, the Act "was not intended to provide relief to individual claimants." *Red Seal Potato Chip v. Colorado Civil Rights Commission,* 44 Colo.App. 381, 618 P.2d 697 (1980). Accordingly, under the circumstances here, an independent action based directly upon an alleged violation of the statute and seeking damages for such violation could not be brought. *See Red Seal Potato Chip v. Colorado Civil Rights Commission, supra; see also Silverstein v. Sisters of Charity,* 38 Colo.App. 286, 559 P.2d 716 (1976). The trial court therefore properly dismissed plaintiff's first claim for relief.

■ Plaintiff further argues that she is not precluded by statute from bringing an independent action based in tort. We need not specifically address this issue. Even if we assume that an independent action could be brought, the trial court properly dismissed plaintiff's second claim for relief.

The conciliation process which occurred in the Commission proceeding is set forth in *Agnello, supra.* We would add, however, that Coors explicitly agreed to be bound by the independent doctor's determination, but further indicated in its conciliation proposal that if plaintiff would not consider resolution of the medical-factual issue as suggested by Coors, then further efforts at conciliation were not warranted. This proposal was relayed to plaintiff by the Civil Rights Division and a response was requested. While the record in *Agnello, supra,* does not contain an explicit response from plaintiff, it does reveal that plaintiff agreed to be, and was, examined. It further reveals that only after the unfavorable doctor's report was issued did plaintiff's attorney explicitly assert that plaintiff had not agreed to be bound by the doctor's determination. Thereafter, the Commission issued its order approving the conciliation agreement.

Based on the foregoing facts, the trial court properly dismissed plaintiff's second claim for relief, *i.e.,* that Coors' actions constituted outrageous conduct and intentional or reckless infliction of emotional distress. By submitting to an examination by the independent doctor and failing to contest the binding effect of the doctor's determination until after an adverse determination was rendered, plaintiff is bound by that determination and the effects thereof. *See First National Bank v. Ulibarri,* 38 Colo.App. 428, 557 P.2d 1221 (1976).

Furthermore, plaintiff is collaterally estopped from relitigating the issue of whether Coors should have offered the position to her. *See Pomeroy v. Waitkus,* 183 Colo. 344, 517 P.2d 396 (1973); *Jefferson County School District No. R–1 v. Industrial Commission,* (Colo.App. No. 83CA0615, June 28, 1984). Because the issue of whether Coors should have offered the position to plaintiff is a predicate to whether Coors' conduct was outrageous and because plaintiff is bound by the adverse resolution of

that issue, the trial court properly dismissed plaintiff's second claim for relief.

 Moreover, although the question of whether conduct is sufficiently outrageous to constitute the tort of outrageous conduct is ordinarily one for a jury, it is for the court to determine, in the first instance, whether reasonable persons could differ on the outrageousness issue. *Meiter v. Cavanaugh*, 40 Colo.App. 454, 580 P.2d 399 (1978). We hold, as a matter of law, that reasonable persons could not conclude that Coors' actions constituted outrageous conduct. *See generally Rugg v. McCarty*, 173 Colo. 170, 476 P.2d 753 (1970). For this additional reason, the trial court properly dismissed plaintiff's second claim for relief.

Judgment affirmed.

KELLY and BABCOCK, JJ., concur.