MR. JUSTICE CARRIGAN
delivered the opinion of the Court.
The appellees were indicted for violations of C.R.S. 1963, 40-7-9 (Officer purloining records)[1] and C.R.S. 1963, 40-7-35 (Conspiracy to purloin records).[2] The indictments alleged that the violations occurred between September 30, 1970, and February 1, 1971. The appellees moved to dismiss the indictments, asserting that the prosecution was barred by the three-year statute of limitations in effect on September 10, 1976, when the indictment was returned. Section 16-5-401, C.R.S. 1973. The People contended that the statute of limitations applicable was the six-year statute in effect when the allegedly criminal acts were committed (C.R.S. 1963, 39-1-3(5)) and therefore the prosecution is not barred. The district court held that the three-year statute governs and dismissed the indictments. We affirm.
No cases directly in point have been cited by counsel nor have any been found by our research. The few roughly comparable cases from other jurisdictions suggest that as a general rule the applicable statute of limitations is the one in effect at the time an indictment is returned. See, e.g., State v. Brossette, 163 La. 1035, 113 So. 366 (1927). Cf. State ex rel. Manucy v. Wadsworth, 293 So.2d 345 (Fla. 1974). Most cases which have dealt with the issue, however, have involved statutory extensions, rather than reductions, of the limitations period, and thus their reasoning is not helpful here where the legislature has shortened a six-year period to three years.[3] Our consideration of the relevant statutory scheme and the underlying legislative intent leads us to conclude that the applicable statute is the three-year provision in effect at the time the indictment was returned, and therefore that the prosecution is barred.
*120 As of July 1, 1972,[4] the six-year statute of limitations (C.R.S. 1963, 39-l-3(5))[5] was repealed and the current three-year statute[6] was enacted in its place. Absent a saving clause or other statutory provision limiting the effect of the repeal, the repealed statute had no operative effect as to charges filed after that date. See generally 73 Am. Jur. 2d Statutes §384. The People contend that two saving clauses preserved the six-year statute for application to crimes committed before July 1, 1972. We do not agree.
The People rely primarily on C.R.S. 1963, 40-1-103,[7] which provides in pertinent part:
“The provisions of this code do not apply to or govern the construction of, prosecution for, and punishment for any offense committed prior to July 1, 1972, or the construction and application of any defense to a prosecution for such an offense. Such an offense shall be tried and disposed of according to the provisions of law existing at the time of the commission thereof in the same manner as if this code had not been enacted. All pending actions shall proceed to final disposition in the same manner as if this code had not been enacted.”
This saving clause, the People argue, retains in effect (to govern crimes committed prior to July 1, 1972) the statute of limitations which was in effect until that date.
The above-quoted sections’s reference to “this code,” however, must be read to refer only to the Colorado Criminal Code of which it is a part, and which repealed and replaced chapter 40 of the 1963 Colorado Revised Statutes. The first section of the new Criminal Code provides:
“This chapter, as from time to time amended, may be cited as the ‘Colorado Criminal Code’; within this chapter, the ‘Colorado Criminal Code’ is sometimes referred to as ‘this code.’” C.R.S. 1963, 40-1-101 (emphasis added).
The only purpose of the saving clause, then, was to ensure that the substantive crime definitions and penalty provisions in the repealed chapter 40, rather than those in the new Criminal Code, would continue in force as to crimes committed prior to July 1, 1972.[8]
*121 The statute of limitations in question in this case, however, was not a part of former chapter 40. Both the old statute of limitations and its successor were included in chapter 39 of the 1963 statutes, as part of what is now the Code of Criminal Procedure. Therefore, the saving clause applicable by its terms only to chapter 40 could not have preserved the statute of limitations contained in chapter 39.
Moreover, considerations of fairness support this construction of the statutory scheme. If the six-year statute were held to be applicable to all crimes committed before its repeal, a person who committed a crime the day before the repeal could be subject to prosecution for six years, while one committing the same crime the day of the repeal would only be subject to prosecution for three years. This would be especially unfair where, as here, the general assembly has repealed the substantive criminal statute under which the appellees have been charged. Absent a clearly-applicable saving clause, or some other indication that the longer period would still apply to earlier crimes, we will not presume that the General Assembly intended such a result.
The People further contend that a general saving clause, C.R.S. 1963, 135-1-303,[9] operates to continue the six-year statute’s applicability to crimes committed before July 1, 1972. This saving clause, however, has no application to acts other than those which relate to a penalty, forfeiture or liability incurred under a repealed statute. Vail v. Denver Building & Construction Trades Council, 108 Colo. 206, 115 P.2d 389 (1941). Since no substantive penalty, forfeiture, or liability is incurred under a statute of limitations, the general saving clause has no bearing on this case. See, e.g., Bridges v. United States, 346 U.S. 209, 73 S.Ct. 1055, 97 L.Ed. 1557 (1953); United States v. Obermeier, 186 F.2d 243 (2d Cir. 1950); United States v. Provenzano, 423 F. Supp. 662 (S.D. N.Y. 1976).
Accordingly, the trial court’s judgment is affirmed.
*122 MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE LEE and MR. JUSTICE ERICKSON do not participate.

 Officer purloining records — penalty. — If any judge, justice of the peace, sheriff, coroner, clerk, recorder or other public officer, or any person whatsoever, shall steal, embezzle, alter, corrupt, withdraw, falsify, or avoid, any record, process, charter, gift, grant, conveyance, bond or contract, or shall knowingly and willfully take off, discharge or conceal any issue, forfeited recognizance or other forfeiture, or shall forge, deface or falsify any document or instrument recorded, or any registry, acknowledgment or certificate, or shall alter, deface or falsify any minute, document, book or proceeding whatever of or belonging to any public office within this state, the person so offending and being thereof duly convicted shall be punished by confinement in the penitentiary for a term not less than one year nor more than seven years.

 These provisions were not reenacted into the present Criminal Code, but, by virtue of a saving clause, they were left in effect for crimes committed prior to July 1, 1972. Section 18-1-103, C.R.S. 1973.

 See United States v. Richardson, 512 F.2d 105 (3d Cir. 1975), which acknowledged the general rule but applied an exception to hold that where an earlier statute of limitations has already run, and a new statute is passed increasing the limitation period, the new statute cannot revive the prosecution previously barred. This exception to the general rule, of course, does not apply here.

 Colo. Sess. Laws 1972, ch. 44, sec. 1 at 190.

 “39-1-3. Limitation for commencing criminal proceedings ....
“(5) The limitation provided for in this section shall not apply to prosecutions against public officers and employees in connection with offenses denominated a felony as defined by the constitution of the state of Colorado, murder, forgery, and kidnaping excepted, committed by any officer or employee in connection with the duties of his office or constituting a breach of his public duty or a violation of his oath of office. Said offenses shall be prosecuted within three years after the officers’ or employees’ employment is terminated, or within six years from commission of the offense, whichever occurs first in point of time.”

 C.R.S. 1963, 39-5-401, now section 16-5-401, C.R.S. 1973.

 Now section 18-1-103, C.R.S. 1973.

 The need for such a provision, of course, is grounded in the constitutional prohibitions against ex post facto laws. U.S. Const. Art. I, sec. 10; Colo. Const. Art. II, sec. 11.

 Now section 2-4-303, C.R.S. 1973:
“Penalties and liabilities not released by repeal. The repeal, revision, amendment, or consolidation of any statute or part of a statute or section or part of a section of any statute shall not have the effect to release, extinguish, alter, modify, or change in whole or in part any penalty, forfeiture, or liability, either civil or criminal, which shall have been incurred under such statute, unless the repealing, revising, amending, or consolidating act so expressly provides, and such statute or part of a statute or section or part of a section of a statute so repealed, amended, or revised shall be treated and held as still remaining in force for the purpose of sustaining any and all proper actions, suits, proceedings, and prosecutions, criminal as well as civil, for the enforcement of such penalty, forfeiture, or liability, as well as for the purpose of sustaining any judgment, decree, or order which can or may be rendered, entered, or made in such actions, suits, proceedings, or prosecutions imposing, inflicting, or declaring such penalty, forfeiture, or liability.”