## No. 28364

**Adams County School District No. 1 v. The District Court in and For the County of Adams, 17th Judicial District, and the Honorable Abraham Bowling, one of the Judges thereof**

(611 P.2d 963)

Decided March 3, 1980.                    Rehearing denied June 23, 1980.

Elliott & Greengard, Richard D. Greengard, Robert E. Crane, for petitioner.

Kalmon Glovin, Morton L. Davis, for respondents.

*En Banc.*

JUSTICE ERICKSON delivered the opinion of the Court.

This is an original proceeding for a writ of prohibition. The petitioner, Adams County School District No. 1, seeks an order prohibiting the respondent district court from exceeding its jurisdiction by determining the liability of the petitioner for injuries suffered by Mary Jo Trujillo. We issued a rule to show cause and now make that rule absolute.

Mary Jo Trujillo suffered serious and permanent injuries when she fell off the hood of an automobile which was allegedly being driven in a careless and reckless manner in the Mapleton Senior High School parking lot. The injuries occurred on November 1, 1974, while Mary Jo Trujillo was a student at the high school, and before she attained the age of 18. Her 18th birthday was on July 4, 1975, and she attained the age of 21 on July 4, 1978.

On June 8, 1978, the school district was notified of the damage claim for personal injuries suffered in the parking lot accident, and suit was subsequently filed in the respondent district court. The petitioner responded with a motion to dismiss for failure to provide notice within the ninety-day period required by the Colorado Governmental Immunity Act. Section 24-10-109(1), C.R.S. 1973. The respondent district court denied the motion on the grounds that notice was given on June 8, 1978, which was before Mary Jo Trujillo attained the age of 21.

■ The primary issue is whether Mary Jo Trujillo was required to give notice within ninety days after her 18th birthday or within ninety days after her 21st birthday to comply with the notice provisions of the Colorado Governmental Immunity Act. Section 24-10-109(1), C.R.S. 1973 requires that any person who asserts a claim for personal injuries inflicted by a public entity must file a written notice of the claim within ninety days after the date of the discovery of the injury.[1] In *Antonopoulos v. Town of Telluride*, 187 Colo. 392, 532 P.2d 346 (1975), however, we held that the notice requirement was tolled for the period in which the claimant was "laboring under any of the generally recognized forms of disability as defined in 'Persons Under Disability Act' C.R.S. 1963, 87-2-1(1). . . ." That section has been reenacted as section 13-81-101(3), C.R.S. 1973, which provides:

"Person under disability means a minor, mental incompetent, or any person under any other legal disability."

Accordingly, the sufficiency of the notice given on June 8, 1978 depends upon when Mary Jo Trujillo became *sui juris*. In short, when did her disability to file an action against the petitioner terminate.

At the time of Mary Jo Trujillo's injury, section 13-80-116, C.R.S. 1973 provided:

"Persons under disability. If any person entitled to bring any action mentioned in this article is under the age of twenty-one years, insane, imprisoned, or absent from the United States at the time the cause of action accrues, such person may bring said action within the time in this article respectively limited after the disability is removed."[2]

On the basis of that provision, the respondent district court concluded that the notice provided by Mary Jo Trujillo which was given prior to her 21st birthday, satisfied the requirements of the Colorado Governmental Immunity Act. The trial court did not, however, give proper weight to the impact of several amendments which the general assembly enacted prior to Mary Jo Trujillo's attainment of the age of 21, which changed the age of legal disability from 21 to 18.

■ On May 27, 1976, the general assembly amended section 13-81-101(3), C.R.S. 1973, to provide that a person under disability means, *inter alia*, a minor under 18 years of age. Colo. Sess. Laws 1976, ch. 90, 13-81-101 at 528 (the 1976 amendment). Thus, we must also determine whether the general assembly intended to prospectively remove the disability of Mary Jo Trujillo through its amendment of section 13-8l-101(3). If Mary Jo Trujillo's disability was removed by the 1976 amendment, she

---

[1] It is undisputed that Adams County School District No. 1 is a public entity within the meaning of section 24-10-103(5), C.R.S. 1973.

[2] Section 13-80-116, C.R.S. 1973 has subsequently been amended by the substitution of "eighteen" years for "twenty-one" years. Colo. Sess. Laws 1975, ch. 56, 13-80-116 at 210.

would have been required to provide notice to the school district within ninety days of the amendment's effective date.

Section 2-4-202, C.R.S. 1973, which is a restatement of the common law, provides that a statute is presumed to be prospective in its operation. *Taylor v. Public Employees Retirement Association*, 189 Colo. 486, 542 P.2d 383 (1975). In reading the 1976 amendment, we can discern no evidence of a legislative intent to contravene this statutory presumption. The amendment clearly states that, as of its effective date, May 27, 1976, a minor over the age of 18 is no longer under a legal disability, and there is no language in the amendment providing for a tolling of its provisions for those who reached the age of 18 but were not yet 21.[3] As a consequence, all applicable statutes of limitation and notice requirements began to run as of the amendment's effective date.

The respondent cites section 2-4-303, C.R.S. 1973 for the proposition that supplemental amendments to a statute may not be applied retroactively to deprive a claimant of a preexisting cause of action. Section 2-4-303, C.R.S. 1973 provides:

"The repeal, revision, amendment, or consolidation of any statute or part of a statute or section or part of a section of any statute shall not have the effect to release, extinguish, alter, modify, or change in whole or in part any penalty, forfeiture, or liability, either civil or criminal, which shall have been incurred under such statute, unless the repealing, revising, amending, or consolidating act so expressly provides, and such statute or part of a statute or section or part of a section of a statute so repealed, amended, or revised shall be treated and held as still remaining in force for the purpose of sustaining any and all proper actions, suits, proceedings, and prosecutions, criminal as well as civil, for the enforcement of such penalty, forfeiture, or liability, as well as for the purpose of sustaining any judgment, decree, or order which can or may be rendered, entered, or made in such actions, suits, proceedings, or prosecutions imposing, inflicting, or declaring such penalty, forfeiture, or liability."

In *People v. Montera*, 195 Colo. 118, 575 P.2d 1294 (1978), however, we held that section 2-4-303, C.R.S. 1973 applies only to acts which relate to a penalty, forfeiture or liability incurred under a repealed statute, and has no applicability to a modification of a statute of limitations. By similar reasoning, the notice requirements of the Colorado Governmental Immunity Act may be modified prospectively without violating the provisions of section 2-4-303, C.R.S. 1973.

The tendering of notice on June 8, 1978 was not within ninety days of May 27, 1976, the effective date of the 1976 amendment, and the

---

[3] *Cf.* Section 5 of the 1977 amendment to section 13-81-101 provides that no claim existing on the effective date of the act shall be barred for a period of one year. Colo. Sess. Laws 1977, ch. 198 at 818. The Trujillo claim was barred prior to the effective date of the 1977 amendment.

suit should have been dismissed for a failure to comply with the provisions of the Colorado Governmental Immunity Act.

Accordingly, the rule to show cause is made absolute.

JUSTICE ROVIRA does not participate.