**CONTINENTAL TITLE COMPANY, a Colorado corporation, Petitioner,**

v.

**DISTRICT COURT In and For the CITY AND COUNTY OF DENVER, Second Judicial District, State of Colorado and the Honorable James C. Flanigan acting in his capacity as one of the Judges thereof, Robert L. Wilhelm, and the Colorado Civil Rights Division, Respondents.**

**Robert L. WILHELM, Petitioner,**

v.

**DISTRICT COURT In and For the CITY AND COUNTY OF DENVER, Second Judicial District, State of Colorado and the Honorable James C. Flanigan, acting in his capacity as one of the Judges thereof, Respondents.**

**Nos. 81SA420, 81SA461.**

Supreme Court of Colorado, En Banc.

June 1, 1982.

Eiberger, Stacy & Smith, Perry L. Goorman, Denver, for Continental Title Co.

David L. Smith, Denver, for Robert L. Wilhelm.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., William Levis, Asst. Atty. Gen., Denver, for Colorado Civil Rights Div.

LOHR, Justice.

We issued rules to show cause in two original proceedings—Supreme Ct. No. 81SA420, brought by Robert L. Wilhelm, and Supreme Ct. No. 81SA461, brought by Continental Title Company (Continental)—and consolidated these matters for decision. In No. 81SA461 Continental contends that the Denver District Court erred in refusing to dismiss for lack of jurisdiction a complaint and a petition for judicial review, both brought by Wilhelm. We conclude that the district court has jurisdiction over Wilhelm's complaint, but not his petition for judicial review. Consequently, our rule to show cause issued in No. 81SA461 is made absolute in part and discharged in part. In No. 81SA420 Wilhelm asserts that the trial court erred in a number of respects, including the court's refusal to grant Wilhelm's demand for a jury trial and its refusal to grant his case precedence on the trial calendar. We find Wilhelm's contentions of error unpersuasive and discharge the rule issued in No. 81SA420.

On May 30, 1978, Robert L. Wilhelm was discharged by his employer, Continental Title Company. On June 9, 1978, Wilhelm filed a discrimination complaint against Continental with the Colorado Civil Rights Commission (Commission). The complaint charged that Continental had committed a discriminatory and unfair employment practice by discharging Wilhelm in violation of his rights under the Colorado Antidiscrimination Act of 1957 (Antidiscrimination Act), section 24–34–301 et seq., C.R.S.1973.[1] The complaint alleged that Wilhelm was discharged from employment solely because of his walking impairment, and not because of his inability to perform his job tasks as Continental had stated. Wilhelm's disability resulted from his affliction with multiple sclerosis. The matter was referred to the Director of the Colorado Civil Rights Division (Division), who issued a finding of probable cause to credit the allegations in the complaint on July 2, 1979. The Director of the Division then entered negotiations with Continental and Wilhelm in an attempt to "eliminate such discriminatory or unfair practice by conference, conciliation, and persuasion." Section 24–34–306(2), C.R.S.1973 (1981 Supp.).

The Division's attempt to resolve Wilhelm's discrimination complaint was still at the conciliation stage when Wilhelm filed a complaint against Continental in the Denver District Court on May 15, 1980. Wilhelm claimed that he had been discharged by Continental solely because of his affliction with multiple sclerosis. He alleged that the jurisdiction of the Commission over his discrimination charge had terminated because of the Commission's failure to serve notice of a formal hearing within one hundred and eighty days after the filing of his charge, and that the district court had jurisdiction of this matter under section 24–34–306(11), C.R.S.1973 (1981 Supp.).

On June 13, 1980, Wilhelm received a letter from the Division Director, dated June 11, 1980, closing Wilhelm's case "due to failure of the conciliation effort." The

---

1. The Antidiscrimination Act was substantially amended in 1979. Colo.Sess.Laws 1979, ch. 239, 24–34–301 et seq. at 923–32. Sections 24–34–301 to –308 now deal with the authority and procedures of the Commission and the Colorado Civil Rights Division. Sections 24–34–401 to –406 now deal with discriminatory and unfair employment practices. Formerly, both subjects were treated under sections 24–34–301 to –308, C.R.S.1973.

letter informed Wilhelm that he could appeal this decision to the Commission within 30 days pursuant to Rule 5(A)(1) of the Rules of Practice and Procedure of the Commission.

On June 18, 1980, Continental filed a motion to dismiss Wilhelm's district court action, contending that the court did not have jurisdiction over the matter. While that motion was pending, and with leave of the court, in that same district court proceeding Wilhelm filed a petition for judicial review of the Division Director's decision to close his case. Wilhelm named the Division and Continental as respondents in this review petition.

The Division filed a motion to dismiss Wilhelm's petition for review of the Director's decision, contending that the district court lacked jurisdiction to hear the petition because exclusive jurisdiction had been statutorily vested in the court of appeals and because Wilhelm had failed to join the Commission, which was an indispensable party, in the action. The Division also contended that the petition was improper because Wilhelm had failed to exhaust his administrative remedies. Continental also filed a motion to dismiss Wilhelm's petition for judicial review, contending that the district court lacked jurisdiction and that Wilhelm had not exhausted his administrative remedies.

On April 27, 1981, the district court entered an order denying Continental's motions to dismiss Wilhelm's district court complaint and his petition for judicial review. In that order the court also denied the Division's motion to dismiss Wilhelm's petition for judicial review.

On April 27, 1981, Wilhelm filed a demand for a jury trial in his district court action. He also filed a motion requesting an early trial date. The Division and Continental filed motions to strike the demand for a jury trial, and the Division also filed a motion to strike interrogatories that it had received from Wilhelm. On September 25, 1981, the district court granted the motions to strike the demand for a jury trial; granted the Division's motion to strike Wilhelm's interrogatories; and denied Wilhelm's motion for an expedited trial date. Wilhelm then brought an original proceeding, No. 81SA420, in this court, contending that the trial court erred in each of these three rulings. We issued a rule to show cause, and responses were filed by the Division and Continental.

Shortly after Wilhelm commenced No. 81SA420, Continental filed its own original proceeding, No. 81SA461, contending that the district court erred in refusing to dismiss Wilhelm's complaint and his petition for judicial review. Continental also filed a motion to consolidate its original proceeding with the original proceeding, No. 81SA420, brought by Wilhelm. We issued a rule to show cause in connection with Continental's petition and granted the motion for consolidation. The Division and Wilhelm subsequently filed responses to Continental's petition, the Division supporting Continental's arguments on all issues.

Because the original proceeding brought by Continental concerns jurisdictional issues, we address these issues first. We then turn to the contentions of error asserted by Wilhelm.

I.

Continental contends that the complaint filed by Wilhelm in the district court should have been dismissed for lack of jurisdiction and that the petition for judicial review should have been dismissed for lack of jurisdiction and the failure of Wilhelm to exhaust his administrative remedies. We consider these arguments in turn.

A.

Wilhelm asserts that district court jurisdiction over his complaint is proper under section 24–34–306(11), C.R.S.1973 (1981 Supp.), which provides in relevant part:

If written notice that a formal hearing will be held is not served within one

hundred eighty days after the filing of the charge, or if the hearing is not commenced within the one-hundred-twenty-day period prescribed in subsection (4) of this section, the jurisdiction of the commission over the complaint shall cease, and the complainant may seek the relief authorized under this part 3 and parts 4 to 7 of this article against the respondent by filing a civil action in the district court for the district in which the alleged discriminatory or unfair practice occurred. Continental and the Division respond that the district court cannot rely on this statute for jurisdiction because it became effective subsequent to Wilhelm's discharge and the filing of his complaint with the Commission. They argue that application of this statute to Wilhelm's case would be an unlawful retroactive application of the law in violation of *Colo.Const.* Art. II, § 11,[2] *Colo. Const.* Art. XV, § 12[3] and section 2–4–202, C.R.S.1973.[4] We disagree with the contentions of Continental and the Division and hold that district court jurisdiction over Wilhelm's complaint is proper.

Section 24–34–306(11) was adopted by the legislature effective July 1, 1979. Colo. Sess.Laws 1979, ch. 239, 24–34–306(11) at 927 and section 5 at 940. The parties agree that if this amendment is applicable to Wilhelm then the district court has jurisdiction over his complaint. The sole issue before us is whether application of this statute to Wilhelm's claim constitutes unlawful retrospective application of the law.

The general prohibition against retroactive laws is contained in *Colo.Const.* Art. II, § 11, which provides:

---

**2.** *Colo.Const.* Art. II, § 11 is quoted *infra.*

**3.** *Colo.Const.* Art. XV, § 12 provides: "The general assembly shall pass no law for the benefit of a railroad or other corporation, or any individual or association of individuals, retrospective in its operation, or which imposes on the people of any county or municipal subdivision of the state, a new liability in respect to transactions or considerations already past."

**4.** That statute provides: "A statute is presumed to be prospective in its operation."

No ex post facto law, nor law impairing the obligation of contracts, or retrospective in its operation, or making any irrevocable grant of special privileges, franchises or immunities, shall be passed by the general assembly.[5]

The proscription of any law "retrospective in its operation" has been interpreted to prohibit any act "which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already [past]." *Moore v. Chalmers-Galloway Live Stock Co.,* 90 Colo. 548, 554, 10 P.2d 950, 952 (1932), quoting from *Denver, South Park & Pacific Railway Co. v. Woodward,* 4 Colo. 162, 167 (1878); accord, *Jefferson County Department of Social Services v. D.A.G.,* 199 Colo. 315, ——, 607 P.2d 1004, 1006 (1980); *Spiker v. City of Lakewood,* 198 Colo. 528, 532–33, 603 P.2d 130, 133 (1979). Continental and the Division contend that application of section 24–34–306(11) to Wilhelm's claim results in an impairment of its rights and the imposition of new obligations and duties in violation of the above prohibition. In addressing that contention, we are not without guidance in precedent.

■ Application of a statute is not rendered retroactive and unlawful merely because the facts upon which it operates occurred before adoption of the statute. See *Adams County School District No. 1 v. District Court,* 199 Colo. 284, 611 P.2d 963 (1980); *Tucker v. Claimants in re Death of Gonzales,* 37 Colo.App. 252, 255, 546 P.2d 1271, 1274 (1975); *Lohf v. Casey,* 330

---

**5.** Continental also relies on *Colo.Const.* Art. XV, § 12 and section 2–4–202, C.R.S.1973. *See* nn. 3 and 4, *supra.* For purposes of this case, *Colo.Const.* Art. XV, § 12 and section 2–4–202, C.R.S.1973 do not add to the general proscription of retroactive legislation contained in *Colo. Const.* Art. II, § 11, and these provisions will not be further discussed.

F.Supp. 356, 359 (D.Colo.1971), *aff'd.*, 466 F.2d 618 (10th Cir. 1972). Consequently, the fact that Wilhelm was discharged by Continental and filed a complaint with the Commission prior to adoption of section 24–34–306(11) does not necessarily preclude application of that statute to his claim.

■ Further, application of a statute to a subsisting claim for relief does not violate the prohibition of retroactive legislation where the statute effects a change that is only procedural or remedial in nature. *See Adams County School District No. 1 v. District Court, supra; Jefferson County Department of Social Services v. D.A.G., supra; In re Colorado Mercantile Co.*, 299 F.Supp. 55 (D.Colo.1969); *Smith v. Putnam*, 250 F.Supp. 1017 (D.Colo.1965); *see generally, Denver, South Park & Pacific Railway Co. v. Woodward, supra.* This is because "[t]he abolition of an old remedy, or the substitution of a new one, neither constitutes the impairment of a vested right nor the imposition of a new duty, for there is no such thing as a vested right in remedies." *Jefferson County Department of Social Services v. D.A.G., supra*, 199 Colo. at ——, 607 P.2d 1006, quoting from *Moore v. Chalmers-Galloway Live Stock Co., supra*, 90 Colo. at 554–55, 10 P.2d at 952.

■ Applying the above principles to this case, we conclude that section 24–34–306(11) may properly be applied to Wilhelm's claim. The effect of that section is only to provide an alternative remedy for vindication of the alleged discriminatory and unfair employment practice suffered by Wilhelm. It does not remove an affirmative defense that might otherwise be asserted by Continental, nor does it create substantive rights by retroactively changing what was formerly a lawful employment practice into a discriminatory practice.

■ It is uncontested that the Commission had not served written notice of a formal hearing when Wilhelm filed his complaint in the district court on May 15, 1980. That district court complaint was not filed until more than 180 days after Wilhelm had filed his complaint with the Commission. The 180 day period had expired even if it did not start to run until the July 1, 1979, effective date of section 24–34–306(11). *See* section 2–4–202, C.R.S.1973. Consequently, the district court properly accepted jurisdiction under the terms of section 24–34–306(11). The contention of Continental and the Division that this result frustrates their expectation that Wilhelm's complaint would be handled exclusively by the Commission is not an adequate reason for denying effect to that statute where it is clearly applicable by its terms.

### B.

■ We next turn to the challenge of Continental and the Division to the district court's jurisdiction over Wilhelm's petition for judicial review of the Division Director's closure of Wilhelm's case on June 11, 1980. Continental and the Division argue that jurisdiction is improper because Wilhelm did not exhaust his administrative remedies, and because Wilhelm's petition should be controlled by a 1979 amendment providing for exclusive jurisdiction in the court of appeals to review final orders of the Commission, section 24–34–307(2), (7), C.R.S. 1973 (1981 Supp.).[6] We do not reach these contentions because we find that the same statute providing for district court jurisdiction over Wilhelm's May 15, 1980, complaint, section 24–34–306(11), also establish-

---

**6.** As part of the 1979 amendments to the Antidiscrimination Act, *see* n. 1, *supra*, section 24–34–307(2) was amended to provide that, "Such proceedings [for review of a final order of the Commission] shall be brought in the court of appeals." Colo.Sess.Laws 1979, ch. 239, 24–34–307(2) at 928. In 1981, section 24–34–307(2) was again amended by addition of the phrase "by appropriate proceedings under section 24–4–106(11)" at the end of the subsection. Colo.Sess.Laws 1981, ch. 278, 24–34–307(2) at 1144. Consequently, section 24–34–307(2) now provides, "Such proceeding shall be brought in the court of appeals by appropriate proceedings under section 24–4–106(11)." Section 24–34–307(2), C.R.S.1973 (1981 Supp.).

es that the Commission lacked further jurisdiction of the case when the Division Director issued the purported case closure letter.

Section 24–34–306(11) explicitly states that, absent an extension of the time period, the consequence of a failure to notice a formal hearing within 180 days after filing of the charge is that "the jurisdiction of the commission over the complaint shall cease." The apparent purpose of this provision is to avoid duplicative and possibly conflicting attempts to pursue relief both in the district court and before the Commission. That undesirable result is avoided by providing that satisfaction of the prerequisites to district court jurisdiction also constitutes fulfillment of the conditions terminating the Commission's jurisdiction. Since the jurisdiction of the Commission had ended, the Director's subsequent closure of Wilhelm's case was without effect. There was no legally significant action which Wilhelm could appeal, and his petition for judicial review should have been dismissed.

## II.

Our disposition of Continental's petition, No. 81SA461, narrows the remaining issues to be addressed under Wilhelm's petition, No. 81SA420. To the extent Wilhelm is contending that he was entitled to a jury trial or an expedited determination in connection with his district court petition for judicial review, our determination that this petition must be dismissed renders those questions moot. Although it is not entirely clear from Wilhelm's petition to this court, it appears that the interrogatories submitted to the Division by Wilhelm also relate to his district court petition for judicial review and, as a result, Wilhelm's challenge to the district court order striking those interrogatories also need not be addressed. The remaining issues are (1) whether the

trial court erred in denying Wilhelm's demand for a jury trial of the discrimination claims contained in his complaint and (2) whether the court erred in refusing to give Wilhelm's case precedence.

## A.

Wilhelm asserts that the district court erred in denying his demand for a jury trial. He contends that because his complaint contains a request for back pay the remedy sought was primarily legal rather than equitable in nature and that consequently he is entitled to a jury trial under C.R.C.P. 38(a). *See Setchell v. Dellacroce,* 169 Colo. 212, 454 P.2d 804 (1969) (Under the Colorado Constitution trial by jury in a civil action is not a matter of right; C.R.C.P. 38 governs the right to a jury trial in those cases).[7] We disagree.

■ It is uncontested that a jury trial is required under C.R.C.P. 38(a) only if Wilhelm is seeking to enforce legal rather than equitable rights and remedies. *Worchester v. State Farm Mutual Automobile Insurance Co.,* 172 Colo. 352, 473 P.2d 711 (1970). Consequently, the determinative issue is the characterization of the nature of the relief sought in this case.

■ Section 24–34–306(11), which is the source of the district court's jurisdiction over Wilhelm's complaint, also specifically limits the relief which may be sought in such an action. That statute provides that if the conditions terminating the Commission's jurisdiction have been met, "the complainant may seek the relief authorized under this part 3 and parts 4 to 7 of this article [34] against the respondent by filing a civil action in the district court." Section 24–34–306(11), C.R.S.1973 (1981 Supp.). Since Wilhelm seeks relief from an allegedly unfair or discriminatory employment practice, the relevant reference is to part 4

7. Wilhelm also relies on *U.S.Const.* amend. VII as a source of his asserted right to a jury trial. That federal constitutional provision, however, is not applicable to the states. *See Minneapo-* *lis & St. Louis R. R. Co. v. Bombolis,* 241 U.S. 211, 36 S.Ct. 595, 60 L.Ed. 961 (1916); *J. Nowak, Constitutional Law* at 376–377 (1978).

of Article 34, section 24–34–401 *et seq.*, C.R.S.1973 (1981 Supp.). Section 24–34–405, C.R.S.1973 (1981 Supp.) prescribes the permissible relief authorized in an employment discrimination claim brought under this statutory scheme:

> In addition to the relief authorized by section 24–34–306(9) [providing for the Commission's authority to issue cease and desist orders], the commission may order a respondent who has been found to have engaged in an unfair or discriminatory employment practice to take affirmative action regarding hiring, reinstatement, or upgrading of employees, with or without back pay, the referring of applicants for employment by any respondent employment agency, the restoration to membership by any respondent labor organization, the admission to or continuation in enrollment in any apprenticeship program, on-the-job training program, or a vocational school, the posting of notices, and the making of reports as to the manner of compliance.

We conclude that this statute was intended to invoke only the equitable powers of the court and not to create a legal claim for damages.

Wilhelm does not contend that the issuance of a cease and desist order or an order for "affirmative action" constitutes a legal remedy. Rather, he points to the language providing that the affirmative action ordered by the court regarding hiring, reinstatement, or upgrading of employees may be "with or without back pay" as creating a legal right in the nature of damages. We conclude, however, that such back pay is an integral part of the equitable remedy provided by the statute and was not intended to create a legal remedy invoking the right to a jury trial.

Our conclusion is based in part upon a comparison of the remedy provided by section 24–34–405 with the remedies provided by other parts of article 34. Part 6 of the article, section 24–34–601 *et seq.*, C.R.S.1973 (1981 Supp.), which concerns discrimination in places of public accommodation, provides:

> The county court in the county where the offense is committed shall have jurisdiction in all civil actions brought under this part 6 to recover damages to the extent of the jurisdiction of the county court to recover a money demand in other actions. Either party shall have the right to have the cause tried by jury and to appeal from the judgment of the court in the same manner as in other civil suits.

Section 24–34–603, C.R.S.1973 (1981 Supp.).

Comparison of the remedies provided in section 24–34–603 and 24–34–405 is particularly instructive since both sections are part of the 1979 amendments to title 34. Colo. Sess.Laws 1979, ch. 239, 24–34–603 at 938; Colo.Sess.Laws 1979, ch. 239, 24–34–405 at 932. In light of the language employed in section 24–34–603, it cannot be contended that the legislature was unmindful of the consequences of limiting the remedy in section 24–34–405 to equitable relief. *Compare also* section 24–34–510, C.R.S.1973 (1981 Supp.) (providing for a damages remedy for unfair housing practices). Based upon the limitation of section 24–34–405 to affirmative action equitable in nature, and in light of a comparison of section 24–34–405 with 24–34–603, we conclude that both the plain meaning of section 24–34–405 and the legislative intent behind that statute are to create an equitable remedy.

The inclusion of a provision for back pay as incidental relief under section 24–34–405 does not alter our conclusion. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (1976), makes it an unlawful employment practice to discriminate against an individual on the basis of race, color, national origin, sex, or religion. 42 U.S.C. § 2000e–2. The remedy for a violation of Title VII is substantially similar to the remedy prescribed in section 24–34–405. 42 U.S.C. § 2000e–5(g) provides:

> If the court finds that the respondent has intentionally engaged in or is intentionally engaging in an unlawful employment practice charged in the complaint, the court may enjoin the respondent from

engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees, with or without back pay (payable by the employer, employment agency, or labor organization, as the case may be, responsible for the unlawful employment practice), or any other equitable relief as the court deems appropriate.

Federal courts have consistently held that the award of back pay is an integral part of the equitable remedy of reinstatement provided by 42 U.S.C. § 2000e–5(g) and that, as a result, a request for such relief does not invoke the right to a jury trial. *E.g., Grayson v. The Wickes Corp.*, 607 F.2d 1194 (7th Cir. 1979); *Slack v. Havens*, 522 F.2d 1091, 1094 (9th Cir. 1975); *Robinson v. Lorillard Corp.*, 444 F.2d 791, 802 (4th Cir. 1971); *cert. dismissed*, 404 U.S. 1006, 92 S.Ct. 573, 30 L.Ed.2d 655 (1971); *Johnson v. Georgia Highway Express, Inc.*, 417 F.2d 1122, 1125 (5th Cir. 1969); *see Great American Federal Savings & Loan Association v. Novotny*, 442 U.S. 366, 375, 99 S.Ct. 2345, 2350, 60 L.Ed.2d 957, 966 (1979) (indicating approval of this view).

The reasoning of these courts begins with a recognition that not all forms of monetary relief need necessarily be characterized as legal relief for purposes of the jury trial requirement. *See Curtis v. Loether*, 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974). Finding that the language of 42 U.S.C. § 2000e–5(g) and its legislative history suggest that only an equitable remedy was intended, the courts have held that the award of back pay is merely an integral part of this equitable remedy. *See e.g., Grayson v. The Wickes Corp., supra.* In reaching this result the courts have noted that an important consideration is the discretionary nature of the back pay relief. *See, e.g., Grayson v. The Wickes Corp., supra; Slack v. Havens, supra; see generally, Albemarle Paper Co. v. Moody*, 422 U.S. 405, 441–43, 95 S.Ct. 2362, 2384–86, 45 L.Ed.2d 280, 312–13 (1975) (Rehnquist, J., concurring).

Similarly, it is evident from a reading of section 24–34–405 that it is concerned with traditionally equitable forms of relief. The comparison of section 24–34–405 and section 24–34–603 further suggests that the legislature intended to invoke only the equitable powers of the court under the former section. The provision for back pay does not alter our conclusion, particularly since it is phrased in the same discretionary terms as found in Title VII. Consequently, we conclude that, as in the case of Title VII, the provision for back pay is an integral part of a broader equitable remedy and does not provide a basis for requiring a jury trial under C.R.C.P. 38(a).

### B.

Finally, we address Wilhelm's contention that the trial court erred in not according his claim precedence on the trial calendar under C.R.C.P. 40. That rule provides:

Subject to the directives of the Chief Justice of the Colorado Supreme Court, trial courts shall provide by rule for the placing of actions upon the trial calendar in such manner as they deem expedient. Precedence shall be given to actions entitled thereto.

■ Wilhelm cites no statute or rule of court entitling his claim to preferential scheduling. Therefore, whether Wilhelm's complaint should have been granted priority was a matter within the sound discretion of the trial court. Wilhelm asserts that the court abused this discretion, but has not provided an adequate record to allow us to assess that claim. We have neither the full record nor a transcript of the proceedings in the district court. On the basis of the materials before us we cannot conclude that the trial court abused its discretion in denying Wilhelm's claim to precedence; Wilhelm has not established his right to the extraordinary relief afforded by C.A.R. 21.

In summary, we conclude that the district court's jurisdiction over Wilhelm's com-

plaint was proper, but that Wilhelm's petition for judicial review of the Director's administrative closure of his case should have been dismissed. Accordingly, the rule to show cause issued in Continental's original proceeding, No. 81SA461, is discharged in part and made absolute in part. We also conclude that the district court acted properly in striking Wilhelm's demand for a jury trial of his discrimination claim and in refusing to accord Wilhelm's trial precedence. Accordingly, the rule to show cause issued in Wilhelm's original proceeding, No. 81SA420, is discharged.