M. Eileen Persichetti Administrator State Personnel Board 617 State Services Building 1525 Sherman Street Denver, CO 80203
Dear Ms. Persichetti:
I am writing in response to your request of August 18, 1983, for a formal legal opinion concerning the applicability of H.B. 1187 of the 1983 Legislative Session, which altered the appeal procedures involving the revision and maintenance of the classification plan for the State Personnel System, to two pending appeals.
QUESTION PRESENTED AND CONCLUSION
Your inquiry raises two specific questions:
1. Do the classification plan appeal procedures of H.B. 1187, 1983 Colo. Sess. Laws pp. 848-849, apply to pending appeals which were filed but not decided by the board prior to the effective date of the amendment?
My conclusion is "yes."
2. If the amended appeals procedure of H.B. 1187 does apply to pending appeals, how does the requirement for board action within 120 days of the receipt of petitions apply to those appeals?
 The 120-day time limit begins to run from the effective date of H.B. 1187.
ANALYSIS
Under the State Personnel System Act, the State Personnel director ("director") is required to maintain and revise a classification plan, whereby individual positions within the system are allocated to various classifications. In addition, upon revision of the classification plan, the director assigns appropriate pay grades, salary rates and salary ranges. The director is required to revise the classification plan whenever conditions necessitate a change. C.R.S. 1973, 24-50-104(4) (1982 repl. vol. 10). Prior to the enactment of H.B. 1187, the Colorado statutes did not provide a specific mechanism for the appeal of the director's classification actions. Rather, the statutes only stated that "the state personnel board shall provide by rule for review of such actions." C.R.S. 1973, 24-50-104(4)(d) (1982 repl. vol. 10).
H.B. 1187 deleted the above-cited statutory language and provided instead as follows:
 Any person directly affected by an action of the state personnel director taken pursuant to this subsection (4) may petition the board for review of the state personnel director's action within fifteen working days after the state personnel director has published the classification plan. The board shall review such petition in summary fashion, without referring it to a hearing officer, and on the basis of written material which may be supplemented by oral argument, at the discretion of the board. The state personnel director's action may be overturned only if the board finds it to have been arbitrary, capricious, unreasonable, or contrary to rule or law. The board shall issue a written decision setting forth findings of fact and conclusions of law. If the board does not issue such decision within one hundred twenty days of the receipt of such petition, the action of the state personnel director shall be final. Any decision of the board or final action of the state personnel director shall be subject to judicial review pursuant to section 24-4-106; except that such appeal may be filed within forty-five days after such decision or final action.
C.R.S. 1973, 24-50-104(4)(e)(II), as amended by H.B. 1187.
On May 31, 1983, the Governor signed H.B. 1187 into law and it became effective as of that date. See Tacorante v.People, 624 P.2d 1324 (Colo. 1981) (act becomes effective upon governor's signature unless otherwise specified).
Your inquiry poses the question whether H.B. 1187 applies to two pending appeals of classification decisions of the state personnel director. In Burnett v. Department ofPersonnel, Case No. 823-O-39, and White v.Department of Personnel, Case No. 823-O-54, appeals of the director's decisions were filed with the board on December 9, 1982, and February 24, 1983, respectively. Both appeals were filed well before May 31, 1983, and were assigned to hearing officers acting on behalf of the personnel board. I understand that no hearing has been held or decision rendered in either appeal. Under these circumstances, review of the director's decision must proceed according to the procedure outlined in H.B. 1187, i.e., review by the state personnel board, not a hearing officer, in a summary fashion.
The application of H.B. 1187 to the two pending appeals does not contravene art. II, § 11 of the Colorado Constitution, which proscribes the enactment of any law which is "retrospective in its operation," and is consistent with C.R.S. 1973, 2-4-202 (1980 repl. vol. 1B), which states that statutes are presumed to be prospective in operation. These provisions apply only to substantive, not procedural or remedial, statutes.Continental Title Co. v. District Court, 645 P.2d 1310
(Colo. 1982); Adams County School District No. 1v. District Court, 199 Colo. 284, 611 P.2d 963 (1980);Jefferson County Department of Social Services v.D.A.G., 199 Colo. 315, 607 P.2d 1004 (1980); In reColorado Mercantile Co., 299 F. Supp. 55 (D. Colo. 1969). Substantive statutes are defined as creating, eliminating or modifying vested rights or liabilities, while procedural statutes relate only to remedies or methods of procedure. Smith v.Putnam, 250 F. Supp. 1017 (D. Colo. 1965).
H.B. 1187 is clearly a procedural statute. The statutory amendment to the appeals procedure does not, for instance, affect the principles governing the establishment or revision of the classification plan or the director's obligation to assign the class to an appropriate pay grade, salary rate or salary range. It merely revises the procedure by which an affected employee may seek review of the director's decision. The application of C.R.S. 1973, 24-50-104(4)(e)(II), as amended by H.B. 1187, to the two pending appeals does not deprive the complainants of rights nor extend liabilities of respondent (Department of Personnel) which had accrued as of May 31, 1983.
The change affected by H.B. 1187 constitutes nothing more than the substitution of one appellate procedure for another, and the parties have accrued no vested rights in a particular appellate mechanism.
 The abolition of an old remedy, or the substitution of a new one, neither constitutes the impairment of a vested right nor the imposition of a new duty, for there is no such thing as a vested right in remedies.
Jefferson County Department of Social Services v.D.A.G., supra, 607 P.2d at 1006, citing Moorev. Chalmers-Galloway Live Stock Co., 90 Colo. 548, 10 P.2d 950,952 (1932). See also In re ColoradoMercantile Co., supra, and Smith v.Putnam, supra.
Unless the statute indicates the contrary, changes in procedural laws are deemed to be effective immediately not only as to causes of action which may accrue in the future, but also as to existing causes of action. Suley v. Board of Education ofJefferson County School District No. R-1, 633 P.2d 482
(Colo.App. 1981); Fancher v. Clark, 127 F. Supp. 452
(D. Colo. 1954). See also Stewart v. PublicEmployees Retirement Association, 43 Colo. App. 25, 612 P.2d 1141
(1979). Cf. Nolan v. IndustrialCommission, 664 P.2d 253 (Colo.App. 1982) (statutory amendment curtailing commission's review authority effective as to pending proceeding, absent final order of the commission). Because the provisions of H.B. 1187 effecting a change in the classification review procedure evidence no legislative intent to delay the bill's effective date, the appeals procedure became effective on May 31, 1983, and applied to the two pending appeals.
Having concluded that the appellate mechanism prescribed by H.B. 1187 became effective on May 31, 1983, in relation to the two pending classification appeals, we must next focus on that portion of H.B. 1187 regarding deadlines for action. C.R.S. 1973,24-50-104(4)(e)(II), as amended, adds a new requirement that the board must issue a decision within 120 days of receipt of the petition for review of the director's decision. If no decision is issued within 120 days, the action of the director is final and subject only to judicial review. Since a statute is presumed to be prospective in application and no intent to delay the effective day was expressed, the 120-day time period begins to run as to the two pending classification appeals on the effective date of H.B. 1187, i.e., May 31, 1983.
In Adams County School District No. 1 v. District Court, supra, the Colorado Supreme Court addressed a similar situation involving the effect of a statutory change on the date from which a time limit would be calculated. At issue was the timeliness of notice given pursuant to the Colorado Governmental Immunity Act. A high school student not yet 18 years old had been injured in the school parking lot. At the time of the injury, the student was under a legal disability to bring an action until age 21 and was thus relieved of the responsibility of giving notice of the injury until 90 days after she turned 21. After the student turned 18, however, the statute regarding legal disabilities was amended to remove such disability at age 18. The court found that the 90-day time period began to run on the effective date of the statute removing the disability. Similarly, in the case at hand, the 120-day time limit begins to run upon the effective date of H.B. 1187.
In addition, if the 120-day time period were to begin to run from the actual receipt of the petition, this time period would have lapsed in one case before the effective date of the statute. InBurnett v. Department of Personnel, both the 120-day period for board action and the 45-day period for judicial review would have expired before May 31, 1983. The complainants would be totally precluded from seeking review. SeeLogan v. Zimmerman Brush Co., 455 U.S. 422 (1982).
SUMMARY
In conclusion, it is my opinion that the provisions of H.B. 1187 amending the appeals procedure regarding classification decisions of the director apply to the two pending appeals. The 120-day time limit began to run on May 31, 1983. If you have any additional questions on this matter, please do not hesitate to contact me.
Very truly yours,
 DUANE WOODARD Attorney General
ADMINISTRATIVE PROCEDURE DATE, EFFECTIVE APPEAL AND ERROR
C.R.S. 1973, 2-4-202
Colo. Const. art. II, § 11
PERSONNEL, DEPT. OF State Personnel Bd.
The provisions of H.B. 1187 amending the appeals procedure regarding classification decisions of the director apply to two pending appeals before the personnel board. The 120-day time limit referenced in C.R.S. 1973, 24-50-104(4)(e)(II) began to run on May 31, 1983, the effective date of H.B. 1187.