**"Al" HURRICANE, Plaintiff-Appellee,**

v.

**PUBLIC EMPLOYEES' RETIREMENT ASSOCIATION OF COLORADO, and Public Employees' Retirement Association Board, Defendants-Appellants.**

No. 83CA0403.

Colorado Court of Appeals, Div. I.

Dec. 6, 1984.

Rehearing Denied Jan. 17, 1985.

Certiorari Denied Aug. 19, 1985.

Barry D. Roseman, Denver, for plaintiff-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Timothy R. Arnold, Alice L. Parker, Asst. Attys. Gen., Denver, for defendants-appellants.

PIERCE, Judge.

The Public Employees Retirement Association (PERA), appeals the districtcourt order requiring PERA to accept the application of "Al" Hurricane (Hurricane) for disability retirement benefits under § 24–51–115, C.R.S. (1982 Repl.Vol.10). We affirm.

Hurricane began his state employment and membership in PERA on December 20, 1971. Although Hurricane was terminated October 20, 1974, he was reinstated to his former position with back pay effective the following day. His employment continued thereafter until he took a leave of absence beginning November 4, 1976. He was then terminated December 13, 1976, which was several days before his five-year anniversary date. Hurricane withdrew his contribution to PERA November 25, 1977.

PERA concedes that on October 11, 1979, Hurricane was awarded by separate court action, 90 days sick leave which commenced November 31, 1976, and ended on March 17, 1977. As a result, Hurricane's employment effectively ceased on March 17, 1977. With the sick-leave award, Hurricane claimed an accumulation of more than five years of service credit as determined according to the law existing on the date of his employment termination.

On June 27, 1980, Hurricane filed an application for disability retirement benefits with PERA pursuant to § 24-51-115, C.R.S. PERA denied the application, finding that Hurricane lacked the requisite five-year service credit and that he had failed to file the application timely. Upon Hurricane's appeal, the district court found in favor of Hurricane on all issues. PERA here appeals that decision.

█ Initially, we note that the district court correctly ruled that Hurricane did accumulate the five years of credited service necessary for eligibility for disability retirement annuity under § 24-51-115, C.R.S. The court properly held that the PERA rule excluding injury or sick leave from computation of total credited service could not be applied retroactively to Hurricane.

█ Also, PERA erroneously argues that computation of Hurricane's credited service should begin on October 21, 1974. PERA concedes that Hurricane was reinstated on that date to his former position with back pay. In fact, PERA deductions were made from that back pay award. It therefore appears that Hurricane was reinstated with full benefits, and with no lapsed time. Accordingly, we affirm the trial court's decision that Hurricane has accumulated the requisite five years of credited service.

The critical issue of this appeal is whether Hurricane should be governed by the statute in effect when his employment ceased on March 17, 1977, or the statute in effect on October 11, 1979, when Hurricane learned he had attained the requisite five years of service credit. We find that the former statute governs.

Section 24-15-115, C.R.S., as in effect on March 17, 1977, contained no filing deadline, but it was amended in July 1979 to require that an application for disability annuity be filed within 90 days from the date of termination of employment. Relying on the 1979 version, PERA argues Hurricane failed to apply timely for benefits. It argues for retroactive application of the statute, on the basis that the amendment caused only a procedural change. In making this contention, PERA relies on *Adams County School District No. 1 v. District Court,* 199 Colo. 284, 611 P.2d 963 (1980), but we find that case inapposite.

In *Adams County,* the court concluded that, by virtue of a statutory amendment, the General Assembly intended to change certain rights *prospectively,* and accordingly, it held that all applicable statutes of limitation and notice requirements began to run as of the amendment's effective date. In contrast, here PERA argues for a *retroactive* application of the amended statute.

█ Although the 90-day filing requirement is a procedural change in the statute, it cannot be used so as to impair the substantive and vested rights of Hurricane concerning his retirement benefits. *See Taylor v. PERA,* 189 Colo. 486, 542 P.2d 383 (1975). Those rights vested on March 17, 1977. Had litigation not been necessary to establish that Hurricane was owed 90 days of sick leave, Hurricane could have properly applied for the retirement disability annuity according to the law in effect on March 17, 1977.

Because at the time that Hurricane's employment ceased, § 24-51-115, C.R.S., contained no filing time limitation, Hurricane's application for disability retirement annuity was timely filed. Furthermore, on March 17, 1977, Hurricane had not yet withdrawn his contributions, and therefore, could have at that time been reinstated for the full five years under § 24-51-110, C.R.S. Hence, Hurricane should be allowed to restore his full service credit pursuant to the

terms of § 24–51–110, C.R.S., in effect on March 17, 1977.

The order is affirmed.

SMITH and TURSI, JJ., concur.