**SHELL WESTERN E&P, INC.,**
Petitioner–Appellant,

v.

**BOARD OF COUNTY COMMISSIONERS OF DOLORES COUNTY, Colorado,**
Respondent–Appellee,

and

**Board of Assessment Appeals, State of Colorado, Appellee.**

No. 94CA1772.

Colorado Court of Appeals,
Div. II.

Dec. 21, 1995.

Rehearing Denied Feb. 15, 1996.

Certiorari Granted Sept. 3, 1996.

Holland & Hart, Alan Poe, Elizabeth A. Phelan, Denver, for Petitioner–Appellant.

Dyer & Dilts, P.C., Guy B. Dyer, Jr., Cortez, Groves & Price, P.C., John W. Groves, David A. Price, Grand Junction, for Respondent–Appellee.

Opinion by Judge HUME.

Petitioner, Shell Western E&P, Inc. (SWEPI), appeals from a final order of the Board of Assessment Appeals (BAA) denying its tax abatement petition. We affirm.

SWEPI owns and operates an interest in a carbon dioxide production unit which includes oil and gas leaseholds in both Montezuma County and Dolores County, Colorado. All of the producing wells in the unit are located in Montezuma County as are all of the production equipment and facilities related to the unit.

For tax years 1985 through 1990, SWEPI filed Oil and Gas Real and Personal Property Declaration Schedules pursuant to § 39–7–101(1), C.R.S. (1994 Repl.Vol. 16B) only with the Montezuma County Assessor. These schedules reported all carbon dioxide production from the unit to Montezuma County. SWEPI paid all taxes assessed by Montezuma County for tax years 1985 through 1990.

However, a portion of the carbon dioxide production should have been allocated to Dolores County for each of those tax years. Although other documents relating to the production unit were filed in the Dolores County real property records, declaration schedules were not filed with the Dolores County Assessor for any of the tax years 1985 through 1990. This failure was not due to any willful or fraudulent conduct by SWEPI.

On December 24, 1992, as a result of information supplied that month by SWEPI, the Dolores County Treasurer issued tax notices pursuant to § 39–10–101(2)(a), C.R.S. (1994 Repl.Vol. 16B), to SWEPI for tax years 1985 through 1990, assessing tax with respect to carbon dioxide production allocable to Dolores County.

SWEPI filed petitions for abatement of taxes with the Dolores County Board of County Commissioners (BOCC) seeking abatement for tax years 1985 through 1990. It later withdrew the petitions for abatement for tax years 1986 through 1990 as they related to taxes assessed for those years and interest for the period beginning December 24, 1992. Petitions for abatement of taxes for tax year 1985 and interest for the period prior to December 24, 1992, for tax years 1986 through 1990 were not withdrawn.

The petitions were denied both by the BOCC and by the BAA on appeal.

Petitioner contends that the BAA erred in determining that an assessment of property tax and interest for the tax year 1985 was not prohibited by § 39–10–101(2)(b), C.R.S. (1994 Repl.Vol. 16B). It argues that the doctrine of equitable estoppel was erroneously applied by the BAA to proceedings involving tax statutes and is not supported under the facts of this case. We disagree.

■ Although the power to tax is exclusively a function of a state's legislative branch, *Skidmore v. O'Rourke,* 152 Colo. 470, 383 P.2d 473 (1963), administrative hearings of an agency empowered to carry out those functions may be quasi-judicial in nature. *See May Stores Shopping Centers, Inc. v. Shoemaker,* 151 Colo. 100, 376 P.2d 679 (1962) (Board of Equalization hearings are quasi-judicial).

■ Although not so freely invoked against governmental agencies as it may be against private persons, equitable estoppel may be available against an agency in order to prevent manifest injustice. *Jafay v. Board of County Commissioners,* 848 P.2d 892 (Colo.1993). Also, equitable principles would require that estoppel be available to all parties in an action. *See Industrial Commission v. Moffat County School District RE No. 1,* 732 P.2d 616 (Colo.1987)(doctrines of *res judicata* and collateral estoppel, although developed in context of judicial proceedings, may be applied to administrative actions).

■ Equity will toll the running of the statute of limitations if the party asserting a statutory bar has failed to disclose information he or she is legally required to reveal and such failure results in prejudice to the

other party. *See Garrett v. Arrowhead Improvement Ass'n,* 826 P.2d 850 (Colo.1992) (petitioner in workers' compensation proceeding may raise equitable estoppel to toll statute of limitations when company failed to provide him with necessary documents); *Strader v. Beneficial Finance Co.,* 191 Colo. 206, 551 P.2d 720 (1976) (party whose failure to perform its statutory duty contributes to the running of the statute of limitations is estopped from raising it as a defense).

Here, the BAA found that the language of § 39–10–101(2)(b) ordinarily would bar the county treasurer from collecting taxes for tax year 1985 because more than six years had passed since the tax first was owed. However, it also found that SWEPI had a statutory duty to file declaration schedules with the appropriate county assessor pursuant to § 39–7–101(1). SWEPI's failure to file these documents directly contributed to the running of the statute of limitations. Therefore, the BAA determined that it would be manifestly unjust for SWEPI to assert the statute of limitations as a defense when it had created the circumstances that caused the statute to run. We perceive no error in that ruling.

■ The burden of establishing an estoppel falls on the party asserting it, *Garrett v. Arrowhead Improvement Ass'n, supra,* and all elements of equitable estoppel must be shown. *Dove v. Delgado,* 808 P.2d 1270 (Colo.1991). The party to be estopped must know the facts and must intend that its representation be acted on so that the other party is justified in relying upon the represented facts. Also, the party asserting the estoppel must be ignorant of the actual facts and must reasonably have relied, to its own detriment, on the other party's conduct or misrepresentation. *Dove v. Delgado, supra.*

■ The conduct giving rise to the representation need not be negligent or intentional. The existence of a representation and reasonable reliance giving rise to equitable estoppel are questions of fact. *Kohn v. Boulder,* 919 P.2d 822 (Colo.App. 1995).

■ Here, the BAA found that SWEPI knew its leasehold properties lay partly in Dolores County, as evidenced by the documents it filed in the real property records there. There was no evidence presented that the treasurer for Dolores County had actual notice of any carbon dioxide production since it was SWEPI's duty, under § 39–7–101(1), to file the appropriate documents, rather than the assessor's duty to investigate whether the leasehold properties were producing carbon dioxide.

Although SWEPI's failure to file the documents required by statute was not willful or fraudulent, the absence of the declaration schedules caused the assessor to believe that no production assessment needed to be made. The BAA further found that, because § 39–7–102, C.R.S. (1994 Repl.Vol. 16B) provides that taxes are to be assessed based on information supplied by the owner or operator of a leasehold pursuant to § 39–7–101(1), the county assessor reasonably relied on SWEPI's failure to file required declaration schedules in determining that no production was reportable in Dolores County.

Therefore, the BAA found that SWEPI could be equitably estopped from asserting the statute of limitations as a defense to the county treasurer's additional assessment for tax year 1985.

■ A reviewing court will not overturn an agency action unless it is shown that such action is arbitrary or capricious, an abuse of its discretion, or based upon findings of fact that are clearly erroneous on the whole record, unsupported by substantial evidence when considering the record as a whole, or contrary to law. *Committee for Better Health Care v. Meyer,* 830 P.2d 884 (Colo. 1992). Our review of the record satisfies us that the evidence is sufficient to support the BAA's findings and that there was no abuse of its discretion.

Petitioner also contends the BAA erred in imposing interest on the additional assessed taxes according to § 39–10–101(2)(d), C.R.S. (1994 Repl.Vol. 16B), in effect at the time the county treasurer assessed taxes on the omitted property because such application violates the constitutional prohibition against retrospective laws. SWEPI urges that the law in effect prior to April 10, 1992, *i.e.,* the effective date of § 39–10–101(2)(d), should be applied, since it was controlling at the time

SWEPI's obligation to pay taxes on its property first became due. We do not agree.

Section 39–10–101(2)(d) presently provides that taxes levied upon additional assessments on oil and gas leaseholds which had been previously omitted from the tax list and warrant because of the failure of an owner or operator of any mine or of any oil and gas leaseholds and lands to comply with § 39–7–101(1) are to be subject to payment of delinquent interest. That provision, adopted by the General Assembly effective April 10, 1992, amended the former statute which had imposed interest only from the date an additional assessment was made. *See* Colo. Sess. Laws 1992, ch. 323, § 39–10–101 at 2238.

According to Colo. Const. art. II, § 11, no law retrospective in its operation shall be passed by the General Assembly. A statute that takes away or impairs a vested right under existing law, creates a new obligation, imposes a new duty, or attaches a new disability to transactions already past, violates this constitutional provision. *Ficarra v. Department of Regulatory Agencies,* 849 P.2d 6 (Colo.1993).

The abolition of an old remedy or the substitution of a new one does not impair a vested right or impose a new obligation. *Continental Title Co. v. District Court,* 645 P.2d 1310 (Colo.1982). Thus, remedial statutes not affecting pre-existing rights may be applied retroactively. *See Robinson v. Lynmar Racquet Club, Inc.,* 851 P.2d 274 (Colo. App.1993).

Here, the BAA found that no new obligation was imposed on SWEPI by the 1992 amendment. Its duty to file certain declaration schedules and pay taxes was not changed. Section 39–10–101(2)(a) provides a remedy to a county treasurer when such official discovers taxable property located in the county that had been omitted from the tax list for the current or prior tax years. Both statutes allowed the treasurer to collect interest on tax assessments made for prior years. The amended statute merely changed the date of calculating interest from the date an additional assessment was made by the treasurer to the date when the assessment would have been made if the declaration schedules had been timely filed.

Thus, we conclude that § 39–10–101(2)(d) only alters a remedial measure available to the county treasurer when property omitted from the tax list is discovered, rather than imposing a new obligation on a taxpayer.

Application of a statute is not rendered retrospective and unlawful simply because the facts upon which it operates occurred prior to the adoption of the statute. *Continental Title Co. v. District Court, supra.*

The applicability of a limitation statute depends upon the event that triggers its running. *See Robinson v. Lynmar Racquet Club, Inc., supra* (statute in effect at time plaintiff discovered injury applied to plaintiff's cause of action); *Rogers v. Department of Revenue,* 841 P.2d 369 (Colo.App.1992) (amendments to statute are applied when final triggering event occurs after effective date of those amendments); *Tucker v. Claimants in re Death of Gonzales,* 37 Colo. App. 252, 546 P.2d 1271 (1976)(death of worker, not final exposure to radiation, was triggering event under revised Colorado Occupational Disease Disability Act).

Here, the BAA found that the triggering event under § 39–10–101(2)(d) was the county treasurer's additional assessment of taxes based on SWEPI's carbon dioxide production that had been omitted from the county tax list. The assessments were made after the April 10, 1992, amendments. By their very nature, additional assessments operate on facts that have already occurred. That the assessments were based on facts that existed prior to the adoption of the amendatory language does not render application of the amendment unlawfully retroactive. *See Continental Title Co. v. District Court, supra.*

Thus, we conclude that, under the circumstances here, § 39–10–101(2)(d) is not retrospective in its operation.

The order is affirmed.

STERNBERG, C.J., and PLANK, J., concur.